### ETIE v. UNITED STATES.
#### No. 6302.

Circuit Court of Appeals, Fifth Circuit.
Jan. 26, 1932.

William H. Scott, of Houston, Tex., for appellant.

H. M. Holden, U. S. Atty., and Douglas W. McGregor, Asst. U. S. Atty., both of Houston, Tex.

Before BRYAN, SIBLEY, and HUTCH-ESON, Circuit Judges.

BRYAN, Circuit Judge.

The indictment in this case charges George Etie, Douglas Etie, and George Musey with conspiracy (1) to deter by force, intimidation, and threats, H. H. Rouse and Charley Mushmack, who as they knew were and would be witnesses in the United States District Court for the Southern District of Texas, from attending court and testifying to matters pending therein; and (2) to obstruct the due administration of justice by intimidating those witnesses; the scienter being repeated. George Etie was convicted, Douglas Etie was acquitted, and Musey was not placed upon trial.

Both Rouse and Mushmack were called as witnesses for the government, and their testimony, which was uncontradicted, supported the inference that they were induced to leave the jurisdiction of the court by threats of violence. Rouse was under subpœna to appear before the grand jury. He was unable to identify positively the two men who he said made threats against him, and it was doubtless for this reason that Douglas Etie was acquitted. Mushmack testified that he appeared before the grand jury, and was excused until the trial of a criminal case against Musey; that a few days before that trial, and after he had been notified to attend it, he was induced by the threats of

George Etie and Musey to leave Texas and go to Detroit. In the course of his testimony, Mushmack said that a witness against the "Etie and Musey outfit" had been killed, but, it appearing that he did not know this of his own knowledge, the court promptly withdrew that statement and instructed the jury not to consider it. The defense offered no testimony.

The principal contention on this appeal is that the indictment does not allege that any particular case was on trial in which Rouse and Mushmack were or were to be witnesses. That contention was raised by demurrer and by a motion for peremptory instruction. It is apparent that the indictment was drawn under sections 135 and 136 of the Criminal Code (18 USCA §§ 241 and 242). The substance of both branches of the indictment is a charge of conspiracy to intimidate witnesses. It is unnecessary to limit the conspiracy to any particular case, because it is conceivable that conspirators may have more than one case in mind. The indictment may be as broad as the unlawful agreement. Nor is it shown that the conspiracy was in fact limited to any particular case, but it is consistent with the evidence that the intention of the conspirators was to prevent Rouse and Mushmack from testifying either before the grand jury or in open court against them in any and all cases, whether indictments had been found or not. Error is also assigned on the refusal of the court to charge that Mushmack was an accomplice, and that his testimony should be received with great caution and closely scrutinized. Such refusal was not error, as there was no evidence that Mushmack was acting in concert with others to keep any witness from attending court and giving his testimony; but, on the contrary, he was shown to be a victim of the conspiracy. It is argued here that Rouse's testimony as to the threats made against him were of such a prejudicial character as unduly and unfairly to influence the jury. And the same is said of Mushmack's testimony in regard to the killing of a witness against the Eties and Musey. If the appellant or any of his coconspirators, known or unknown, made threats against Rouse, such threats were admissible against appellant, because the manifest purpose was intimidation. As soon as it was developed that Mushmack's statement as to a man being killed was based upon what he had been told, the court of its own motion instructed the jury to disregard it, and was not requested to take any other or different action. A defendant cannot experiment on an acquittal, and then upon conviction take the position that evidence received without objection was so prejudicial as to entitle him to a new trial.

The judgment is affirmed.