## JENKINS v. UNITED STATES.
### No. 11248.

Circuit Court of Appeals, Fifth Circuit.

May 9, 1945.

John J. Bouhan, Ernest J. Haar, and Shelby Myrick, all of Savannah, Ga., for appellant.

J. Saxton Daniel, U. S. Atty., and Green B. Everitt, Asst. U. S. Atty., both of Savannah, Ga., for appellee.

Before HOLMES, McCORD, and WALLER, Circuit Judges.

HOLMES, Circuit Judge.

Appellant was convicted on five counts embodied in three indictments charging that he sold liquor at wholesale in seven different counties in Georgia without paying the special tax required by law. He seeks a reversal of the judgment on the grounds that (1) the evidence was not sufficient to support the verdict, (2) the admissibility of certain documentary evidence was erroneously restricted, (3) the trial judge charged the jury improperly and erroneously failed to declare a mistrial, and (4) the sentences imposed exceeded the maximum prescribed by law.

It appears without dispute that appellant made sales and deliveries of whiskey in wholesale quantities in the different counties as alleged, and that he had not paid the special tax imposed upon such liquor dealers. His defense on the merits was that he made the sales referred to as a selling agent for other wholesale dealers, and that the evidence did not establish that he was himself a dealer. Though appellant worked for a time as a salesman for liquor dealers, several witnesses who were his customers testified that, before making the sales in question, appellant told them he was in business for himself. It also appears that no invoices were issued in connection with these sales, all payments were required to be in cash, and appellant or someone working for him usually made the deliveries. The selling price charged and paid was greatly in excess of the O. P. A. maximum. During this same period, these customers bought other whiskey from those dealers whom appellant once represented, and these purchases were made at ceiling prices, deliveries were made by common carriers with invoices supplied, and payment by check was acceptable. These facts warranted the jury in finding that appellant acted as a dealer in making these sales.

The errors assigned relating to procedure are not well taken. The documents offered in evidence were form reports filed in the office of the Alcohol Tax Unit, pursuant to Section 2857 of the Internal Revenue Code, 26 U.S.C.A.Int. Rev.Code, § 2857, which purported to show the dates, quantities, and purchasers of all whiskey sold by the dealers. The facts and figures set forth therein were mere representations of dealers, apparently not even verified, based in part at least upon unsworn statements of the purchasing public. The court correctly ruled that these documents were admissible only to show that the records had been filed as required by statute, and were not to be regarded as proof of the substantive facts contained therein. To admit such records for all purposes would violate both the hearsay rule and the best-evidence rule.

After the case was submitted, the jury deliberated at length, and reported to the court that further instructions were desired. An additional charge was given, but again the jury reported that it could not reach a verdict. Thereupon the court reminded the jury that the only issue before it was whether, under the evidence and the law, the defendant acted as a salesman or as a dealer in making the sales described in the evidence. It is contended that this final instruction deprived the defendant of the presumption of innocence, and that the court erred in not entering a mistrial when the jury was unable to reach a verdict.

No objection was made to any portion of the charge given to the jury by the court. It is a proper function of the judge to summarize the disputed facts that are before the jury for determination. The court was not asked to declare a mistrial, and its failure to do so of its own motion was not reversible error. A defendant may not gamble on the verdict and then secure a new trial if he loses. When a jury should be discharged for failure to agree is usually a matter within the sound discretion of the trial court.

Appellant was fined $2,000 and sentenced to six months imprisonment, to be served consecutively, on each of the five counts. His final contention is that the payment of a single tax would have authorized him to act as a dealer in all the transactions complained of, wherefore he actually committed but one offense, and should not have been sentenced to more than the statutory maximum of a $5,000 fine and two years imprisonment. Section 3278

of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 3278, provides that the payment of a special tax shall not exempt from an additional special tax the person carrying on a trade or business in any other place than that stated in the collector's register. Sections 194.28, 194.29, 194.30, and 194.32 of Treasury Regulations 20 interpret this statute to require the payment of a tax at each place where liquors are sold, except warehouses used for storage only. The evidence shows that appellant had no business location at which orders were accepted, but that he conducted his business largely as a peddler, driving about the territory in a car or truck loaded with whiskey and making the sale and delivery at one time. Each offense charged was a separate violation of the statute, and the sentences imposed were authorized by law.

No reversible error appearing, the judgment appealed from is

Affirmed.