Albert Jackson JENKINS, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 16850.

United States Court of Appeals
Fifth Circuit.

Jan. 24, 1958.

Charlie Franco, Atlanta, Ga., for appellant.

James W. Dorsey, U. S. Atty., John W. Stokes, Jr., Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, TUTTLE, Circuit Judge, and HANNAY, District Judge.

PER CURIAM.

This appeal from a judgment of conviction following a jury verdict of guilty of knowingly uttering a forged United States Treasurer's check presents little but a fact question. The evidence which the jury could accept as true showed that the accused, a postal employe asked a friend to introduce him to his co-defendant, Starks, a proven forger; that he did so, and the friend heard him say to the forger that he wanted him to do something for him; that the appellant and Starks drove to a grocery store in appellant's automobile; that Starks received the government check in question from appellant with the false endorsement on it and took it into the store and cashed it; that appellant received from Starks the proceeds of the check, but later gave Starks Ten Dollars in cash and some liquor or groceries; that the check was made pay-able to one Yergens who had not endorsed it or authorized anyone to endorse it for him; and that the check was paid. This evidence was clearly ample to warrant the jury in finding appellant guilty as charged.

The other principal assignment of error relates to a question by the United States Attorney concerning a lie detector test. Upon objection by defendant's counsel, the question was not answered. No motion for mistrial was made by defendant. In the absence of such motion, this court cannot hold that the verdict should be set aside. The defendant will not be allowed to speculate with the jury on his trial by letting his case go to the jury without objection and then upon conviction take the position that the court should have granted him a mistrial upon its own motion. Jenkins v. United States, 5 Cir., 149 F.2d 118; Claunch v. United States, 5 Cir., 155 F.2d 261; and Etie v. United States, 5 Cir., 55 F.2d 114.

No error having been committed by the trial court, the judgment must be affirmed.