**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Frank DeLAUGHTER et al., Defendants-**
**Appellants.**

**No. 30166**
**Summary Calendar.**\*

United States Court of Appeals,
Fifth Circuit.

Jan. 10, 1972.

Rehearing Denied Feb. 3, 1972.

---

\* ■ Rule 18, 5th Cir.  See Isbell Enter-
prises, Inc. v. Citizens  Casualty  Co. of
New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Norman Magee, Ferriday, La., for defendants-appellants.

Donald E. Walter, U. S. Atty., Robert H. Shewell, Asst. U. S. Atty., Shreveport, La., Frank D. Allen, Jr., Criminal Section, Civil Rights Division, Dept. of Justice, Washington, D. C., David L. Norman, Asst. Atty. Gen., for plaintiff-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

GEWIN, Circuit Judge:

Appellants Frank DeLaughter, Lee Drane and Ed Fuller were each indicted on one count charging a violation of 18 U.S.C.A. § 242[1] and on one count charging a conspiracy in violation of 18 U.S. C.A. § 371. After a three day trial by jury each of the appellants was convicted on the § 242 count. The jury was unable to agree as to the conspiracy charge, and a mistrial was declared as to all appellants on that count. We affirm.

Since no evidentiary questions are presented on this appeal, it is unnecessary to state the facts in detail. The procedural issues presented for review do necessitate an outline of the circumstances out of which the alleged errors arose. On various occasions during the course of the trial the judge chose to question certain of the witnesses in order to facilitate an understanding of the facts. At one point the judge referred to the "inexperienced prosecutor" in explanation of his questioning, but he admonished the jury not to give any more weight to his questions than to those of counsel. On at least three other occasions he gave similar cautionary instructions to the jury. In his instructions he advised the jury that they were not to infer from his questioning of witnesses

---

1. 18 U.S.C. § 242 provides:

Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any inhabitant of any State, Territory, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such inhabitant being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined not more than $1,000 or imprisoned not more than one year, or both; and if death results shall be subject to imprisonment for any term of years or for life.

that he had any opinion about the guilt of the defendants. He stated that his only purpose in asking questions was to fully develop the true facts.

After the jury retired to deliberate they returned to the courtroom and asked for additional instructions and clarification concerning the conspiracy count. The judge complied with the request and the jury again retired. After further deliberations the jury returned to the courtroom for the purpose of asking a question. The judge advised the foreman that he did not wish to know where they stood in their deliberations. The foreman then stated "I guess we are hung then"; to which the trial judge replied that he had no alternative but to declare a mistrial. At that point the government prosecutor suggested to the judge that the foreman be permitted to submit the question in writing. Over appellants' objections the question was submitted in writing to the judge. Appellants' motion for a mistrial was overruled. The judge called the attorneys for both sides to the bench to view the paper received from the jury. He then asked if the jury had reached a unanimous verdict on one count. Upon receiving an affirmative answer from the foreman, the judge sent the jury back to write out their verdict on that count. The jury retired and returned five minutes later with a verdict of guilty as to count one. After a poll of the jury, which reflected a unanimous verdict, the judge ordered that the verdict as to count one be entered as the judgment of the court and that a mistrial be declared as to count two.

Appellants raise three issues which we state in the language used in their brief. We will discuss each specified error separately.

1. Once the trial court had declared a mistrial, the trial terminated, and it was error to permit the jury to continue its deliberations, and all ensuing verdicts were null and void.

When a jury should be discharged for failure to agree is within the sound discretion of the trial court.[2] The initial response of the trial court to the foreman's statement, "I guess we are hung then", did not, in our view, constitute a ruling by the court or an exercise of its discretion. The appellants contend that after the above mentioned incident occurred the jury deliberated further. We disagree. The record reveals that the jury returned to the jury room not to deliberate, but to write out the verdict on the count upon which they had agreed. Even assuming that the jury was permitted to deliberate further, no error was committed. It is permissible for a court to direct additional deliberation after being advised of a jury's inability to agree.[3] It is also permissible for a jury, as here, to render a partial verdict; a court may accept a jury's verdict as to one count and declare a mistrial as to another upon which no agreement has been reached.[4]

2. It was reversible error for the Court to permit the jury to communicate with the prosecutor.

The record bluntly refutes this argument. The foreman's statement

---

2. *E. g.*, United States v. Pope, 415 F.2d 685, 690 (5th Cir. 1969); Jenkins v. United States, 149 F.2d 118, 119 (5th Cir. 1945).

3. *See* Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896); Posey v. United States, 416 F.2d 545 (5th Cir. 1969); Thaggard v. United States, 354 F.2d 735 (5th Cir.), cert. denied, 383 U.S. 958, 86 S.Ct. 1222, 16 L.Ed.2d 301 (1966).

4. United States v. Dotterweich, 320 U.S. 277, 64 S.Ct. 134, 88 L.Ed. 48 (1943);

United States v. Barash, 412 F.2d 26 (2d Cir.), cert. denied, 396 U.S. 832, 90 S.Ct. 86, 24 L.Ed.2d 82 (1969); United States v. Conti, 361 F.2d 153 (2d Cir. 1966); E. Devitt & Blackmar, 1 Federal Jury Practice and Instructions § 17.20, at 341 (2d ed. 1970). *See* also Dunn v. United States, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 357 (1932); United States v. Manglona, 414 F.2d 642 (9th Cir. 1969); C. Wright, 2 Federal Practice & Procedure §§ 513–14, at 368–370 (1969).

was submitted in writing to the judge, not to the prosecutor. Such a communication is permissible.

3. Over defense counsel's objection of the trial judge's questioning of the witnesses, the comment by the trial judge in explanation of his questioning as to "inexperienced prosecution" was prejudicial and reversible error.

■ It is true that in some circumstances a trial judge could so interfere with the conduct of a trial that a fair trial could not be had. But our study of the record in this case convinces us that this contention is without merit. The tenor of the judge's questions did not tend to benefit the prosecution only; they were equally as helpful to the appellants. The questions asked were pertinent and generally related to a valid inquiry into material facts. It is within the discretion of a trial judge to question witnesses if he deems it necessary. It is only when the judge's questions are prejudicial to the defendant that error is committed.[5] We find no abuse of the court's discretion or prejudice to the defendant.

■ The judge's reference to an "inexperienced prosecutor", while perhaps unwise, cannot be said to be prejudicial in view of the repeated instructions to the jury that they were the sole judges of the facts and that they were to give no more weight to the court's questions than to those of counsel.[6] Even if we should accept appellants' contention that the court's comment was error, we are convinced that it was harmless beyond a reasonable doubt.[7]

Affirmed.

5. Gov't of the Virgin Islands v. Rivera, 439 F.2d 1126 (3d Cir. 1971); United States v. Lewis, 338 F.2d 137 (6th Cir. 1964); Papalia v. United States, 243 F.2d 437 (5th Cir. 1957).

6. *See* cases cited note 4 *supra*.

7. Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); United States v. Hayes, 444 F.2d 472 (5th Cir. 1971).