UNITED STATES of America, Appellee,

v.

Lynn Charles JENKINS, Appellant.

UNITED STATES of America, Appellee,

v.

Howard Springfield STANLEY,
Appellants.

Nos. 77–1482 and 77–1483.

United States Court of Appeals,
Ninth Circuit.

Jan. 18, 1978.

Rehearings Denied March 1, 1978.

Frank Duncan (appeared), North Hollywood, Cal., for appellant.

Deanne H. Smith (appeared), Los Angeles, Cal., for appellee.

Before ELY and GOODWIN, Circuit Judges, and SOLOMON,* District Judge.

PER CURIAM:

Jenkins and Stanley were convicted of possessory and conspiracy offenses involv-

---

* The Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

ing narcotic drugs. They appeal, challenging two jury instructions. We affirm.

The defendants were arrested in the course of a sale of heroin to an undercover agent. Their principal defense was their story that they believed that the 30 ounces of powder they were delivering in exchange for $24,000 cash was not heroin but a fraudulent substitute. Upon discovery that the substance was in fact heroin, the defendants expressed surprise that their confederate had deceived them instead of the intended victim of the swindle. The jury apparently did not accept this account.

■ The judge instructed the jury that the government had the burden of proving the specific criminal intent charged. However, the judge also instructed that "it is ordinarily reasonable to infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted", and gave a "deliberate" or "conscious" ignorance instruction patterned upon our recent *en banc* decision in *United States v. Jewel*, 9 Cir., 532 F.2d 697, *cert. denied*, 426 U.S. 951, 96 S.Ct. 3173, 49 L.Ed.2d 1188 (1976).

The conscious-ignorance point, in light of *Jewell*, borders upon the frivolous. There was no error.

■ On the other challenged instruction, again there was no error, the judge having simply given the jury the benefit of distilled common sense and experience. A standard form of the challenged instruction had been institutionalized in 1 Devitt and Blackmar, *Federal Jury Procedure and Instructions* § 13.06 (1970 ed.). After that form instruction had been subjected to some judicial criticism when applied in specific factual situations,[1] the authors of Devitt and Blackmar in 1977 revised the instruction. Consistent future use by trial judges of the revised instruction now found in § 14.13 (1977 ed.)[2] should obviate even the type of criticism leveled at the instruction given in this case. Taken in context with the other instructions, and with the admitted facts, the instruction gave the defendants the benefit of every doubt to which they were entitled.

Affirmed.

---

1. In *Cohen v. United States*, 378 F.2d 751, 755 (9th Cir. 1967), this circuit criticized an earlier version but found that in the circumstances of the particular case the instruction did not require reversal. *Cf.* the Second Circuit's comments on that version, which some courts still give. *United States v. Robinson*, 545 F.2d 301, 305–06 (2d Cir. 1976); *United States v. Bertolotti*, 529 F.2d 149, 159 (2d Cir. 1975).

2. "You may consider it reasonable to draw the inference and find that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. As I have said, it is entirely up to you to decide what facts to find from the evidence." 1 Devitt and Blackmar § 14.13 (1977 ed.).