**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Paul DAVIS, Defendant-Appellant.**

**No. 78–5407.**

United States Court of Appeals, Sixth Circuit.

Argued Oct. 16, 1979.

Decided Nov. 2, 1979.

Kenneth R. Sasse, Stephen Gleit, Detroit, Mich., for defendant-appellant.

James K. Robinson, U. S. Atty., Ellen G. Ritteman, Detroit, Mich., for plaintiff-appellee.

Before WEICK, LIVELY and KEITH, Circuit Judges.

PER CURIAM.

This is a direct appeal from a jury conviction on six counts of an eight-count indictment related to interstate transportation and sale of stolen motor vehicles. The jury acquitted on two counts. The only issues raised on appeal concern the substitution of an alternate juror for a member of the jury panel after deliberations had begun and one portion of the district court's instructions to the jury.

After instructing the jury the court advised an alternate juror that she was not discharged and was still bound by her oath as a juror in the case. Following several hours of deliberation the jury was excused for the night. The next morning it was reported to the trial judge that one of the jurors had had a death in the family and would not report. The court then addressed counsel and the defendant personally and advised that three possible proce-

dures could be followed. He advised that the deliberations could continue with eleven jurors with the consent of the defendant, that he could substitute the alternate juror who had not been discharged, or the trial could be delayed until the absent juror returned. Counsel for the defendant stated that he did not want delay and did not want the case to continue with eleven jurors. He stated that he and the defendant preferred that the alternate juror be substituted. The trial judge then addressed the defendant personally and the defendant stated that it was his desire that the alternate juror be substituted and that the trial continue.

The alternate juror was then seated and the court requested of counsel their views as to whether the jury should be again instructed on the law of the case. Counsel for the defendant stated that he saw no reason to re-instruct the jury. Nevertheless, the court directed the jury that their prior deliberations were not to be considered and that they should begin deliberations anew. After some six hours of further deliberation, the jury returned the verdict of guilty on six counts and not guilty on two.

■ Upon consideration of the record on appeal together with the briefs and oral arguments of counsel, the court concludes that the defendant and his counsel waived the right to object to substitution of the alternate juror and that no prejudice resulted to him from the procedure which was followed. The defendant is bound by the stipulation which he and his counsel made that the trial should continue with the alternate juror substituted for the absent one. See *Leser v. United States*, 358 F.2d 313, 317 (9th Cir. 1966). The facts in *United States v. Lamb*, 529 F.2d 1153 (9th Cir. 1975), relied upon by the defendant, were different from those in the present case. In *Lamb* the defense objected to the substitution of an alternate juror and the alternate juror had been discharged by the court and then recalled to take a place on the jury. Additionally, the Ninth Circuit in *United States v. Lopez*, 581 F.2d 1338, 1342 (1978), reaffirmed its previous holding that a defendant may waive the rule against substituting an alternate juror after deliberations have begun.

■ The defendant-appellant also contends that the district court unconstitutionally shifted the burden of proof to him by the following instruction: "It is ordinarily reasonable to infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted." We do not believe that this instruction shifted the burden of proof. It was not accompanied by the clause "unless there is evidence to the contrary," which might have the effect of shifting the burden. The Supreme Court of the United States considered an instruction which informed the jury that the law *presumes* a person intends the ordinary consequences of his voluntary acts in the recent case of *Sandstrom v. Montana*, —— U.S. ——, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). The Court observed in *Sandstrom* that there is a difference between advising a jury that the law presumes a thing and advising them that they may infer one fact from another. The instruction complained of in the present case dealt only with an inference, not a presumption.

The judgment of the district court is affirmed.