No. 96-1369

United States of America,   *
                            *
            Appellee,       *
                            *  Appeal from the United States
       v.                   *  District Court for the
                            *  District of Minnesota.
Derek Edward Benedict,      *
                            *
            Appellant.      *

Submitted:  July 11, 1996

Filed:  September 11, 1996

Before FAGG, LAY, and HEANEY, Circuit Judges.

HEANEY, Circuit Judge.

Derek Edward Benedict, convicted of one count of a multi-count indictment, argues that the court erred by instructing the jury to announce verdicts on three counts before it had ended its deliberations on one closely-related count.  We reverse and remand.

I.

Benedict was charged in a four-count indictment with conspiracy to burglarize a post office in violation of 18 U.S.C. § 371 (Count I), conspiracy to steal post office property in violation of 18 U.S.C. § 371 (Count II), aiding and abetting post office burglary in violation of 18 U.S.C. § 2115 (Count III), and aiding and abetting theft of post office property in violation of 18 U.S.C. § 1707 (Count IV).

After a two-day trial, the jury began its deliberations late in the afternoon; forty-five minutes later the jury retired for the day.  The jury resumed deliberations at 8:30 the following morning.  At 11:25 a.m., the jury sent a note to the court explaining that they were "having difficulty differentiating between" the charges in Count II (conspiracy to steal post office property) and Count IV (theft of post office property).  The court consulted with counsel and responded to the note at 1:35 p.m. by instructing the jury that "the difference between Counts 2 and 4 is that Count 2 charges a conspiracy to commit larceny, while Count 4 charges the offense of larceny itself."  (R. at 57.)

About two hours later the jury sent out a second note stating:

We have come to verdicts on 3 of the indictments.  We have been undecided on 1 indictment for about 1 1/2 hours.  What do you suggest we do?  (We are split 11 to 1.)

[/s/ Jury Foreperson]

3:44 p.m.

11/9/95

Also, on this indictment we were at 10 to 2 about 1/2 hour ago.

[/s/ Jury Foreperson]

(R. at 58.)  In response to the note, the court conferred with counsel about the possibility of taking a partial verdict.  The government took no position except to express concern over the possibility of creating an issue for appeal.  Defense counsel, noting that the jury had only been deliberating for a day, requested that the court instruct the jury to continue deliberating.  (R. at 475.)  Over Benedict's objection, the court decided to take final verdicts on the three counts and to send the jury back to continue deliberations on the remaining count.  The court instructed the jury to report to the courtroom to announce its verdict; the jury, however, indicated that they were making

2

progress and asked to continue deliberating. (Trial Tr. at 478.) Twenty minutes later, the jury informed the court that it was in the same position as it was before. (Trial Tr. at 479.) The court then decided that the jury should announce its verdicts on the three counts.

The jury found Benedict not guilty of the charges in Counts I and III relating to the post office burglary and guilty of theft of post office property as charged in Count IV. The jury had not reached an agreement on Count II, conspiracy to steal post office property. The court ordered the verdicts as to Counts I, III, and IV entered as final judgments. Benedict moved for a mistrial on Count II. The government opposed the motion, arguing that the jury was not deadlocked. The court denied the defense motion, excused the jury for a three-day, holiday weekend, and instructed them to report back on Monday morning to continue deliberations on Count II.

The following Monday, the defense renewed its objection to the jury's continued deliberations. In the alternative of a mistrial on Count II, Benedict argued that the jury should be permitted to deliberate on all of the counts in the indictment, particularly because the conspiracy charge in Count II was inextricably linked to the offense for which the jury had already announced a guilty verdict. The court rejected Benedict's arguments and instructed the jury to resume its deliberations on only Count II. After approximately forty minutes of deliberations, the jury sent out a note stating:

> We are deadlocked at 11 to 1 on indictment #2. No one is budging.
>
> 10:05 a.m.
>
> 11-13-95
>
> /s/ Jury Foreperson

3

(R. at 59.)  At that point, the government agreed to dismiss Count II. (Trial Tr. at 497.)  Benedict appeals.

## II.

Benedict's primary contention on appeal is that the court erred in taking a partial verdict.  Benedict challenges the court's authority as a matter of law to take a partial verdict in a case involving multiple charges against a single defendant.  In the alternative, Benedict argues that the court abused its discretion in doing so in this case.

We reject Benedict's broad contention that a district court lacks the legal authority to take a partial verdict in any criminal case involving multiple counts against a single defendant.  Although this circuit has not yet confronted the issue, all other circuits to consider the question have approved the practice.  See, e.g., United States v. Ross, 626 F.2d 77, 81 (9th Cir. 1980); United States v. DeLaughter, 453 F.2d 908, 910 (5th Cir.), cert. denied, 406 U.S. 932 (1972); United States v. Barash, 412 F.2d 26, 31-32 (2nd Cir.), cert. denied, 396 U.S. 832 (1969) (citing United States v. Cotter, 60 F.2d 689, 690-91 (2nd Cir.), cert. denied, 287 U.S. 666 (1932)).  Similarly, we hold that the practice of taking a partial verdict in a single-defendant case is not per se invalid.

Recognizing that partial verdicts may be appropriate in certain circumstances, we turn to the specific facts of this case,  reviewing the district court's decision for an abuse of discretion.  See United States v. Wheeler, 802 F.2d 778, 781 (5th Cir. 1986), cert. denied, 480 U.S. 908 (1987).  The danger inherent in taking a partial verdict is the premature conversion of a tentative jury vote into an irrevocable one.  See id.; United States v. DiLapi, 651 F.2d 140, 147 (2nd Cir. 1981), cert. denied, 455 U.S. 938 (1982).  It is improper for a trial court to intrude on the jury's  deliberative process in such a way as to cut short its opportunity

4

to fully consider the evidence. Such an intrusion would deprive the defendant of "the very real benefit of reconsideration and change of mind or heart." United States v. Taylor, 507 F.2d 166, 168 (5th Cir. 1975); see also United States v. Nelson, 692 F.2d 83, 95 (9th Cir. 1982) (noting that continued jury deliberations can alter the jury's views on charges previously considered).

Under the circumstances of this case, we find error in the manner in which the district court conducted the jury deliberations. When the jury first indicated that it was split on one remaining count, deliberations had been in progress for approximately seven hours; only two hours had passed since the jury received its requested clarification between two of the counts. The jury had reached tentative agreement on three of the four counts in the indictment and all implications were that the jury was making progress towards unanimity on the undecided charge. The vote had moved from 10-to-2 to 11-to-1 just half an hour before the jury asked the court for guidance. Nothing in the record suggests that the jury had reported a deadlock. To the contrary, after taking verdicts on the three counts, the court instructed the jury to continue deliberating on the remaining charge. Moreover, the government subsequently opposed Benedict's motion for a mistrial on Count II on the theory that the jury was not yet deadlocked. Neither party requested a partial verdict. Moreover, unlike the case in which the court leaves it to the jury's discretion whether to announce a partial verdict after fully explaining the consequences of such course to the jury, see, e.g., United States v. Ross, 626 F.2d 77, 80-81 (9th Cir. 1980), the court here simply instructed the jury to announce its partial decision without first informing the jury that doing so would render those decisions final.

Finally, it is particularly troubling that the outstanding charge of conspiracy to commit post office theft was so closely related to the substantive theft offense for which the jury

5

announced a guilty verdict and to which the jury was not permitted to return during the remaining deliberations. It is difficult to imagine that the jury could continue to deliberate on the conspiracy charge without reweighing the evidence with respect to the substantive offense where, as here, the government's evidence on both counts was virtually the same. The jury expressed as much when it asked for clarification between the two charges. Under the circumstances of this case, we hold that the district court abused its discretion by instructing the jury to announce verdicts on three counts before it had ended its deliberations on one closely-related count.

CONCLUSION

We reverse Benedict's conviction and remand the case to the district court. We do not consider whether jeopardy has attached such that additional criminal proceedings for the same conduct would be barred by the Fifth Amendment. In our view, that question is best resolved by the district court in the first instance if and when it is presented.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

6