10-3839-cr(L)
United States v. Garcia

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of April, two thousand twelve.

PRESENT:   AMALYA L. KEARSE,
                    RAYMOND J. LOHIER, JR.,
                                        *Circuit Judges*,
                    EDWARD R. KORMAN,
                                        *District Judge*.*

-------------------------------------------------------------------

UNITED STATES OF AMERICA,
                                        *Appellee*,

                    v.                                        No. 10-3839-cr (Lead)
                                                                    11-195-cr (Con)

TOMMY GARCIA, aka Gordo,
                                        *Defendant-Appellant*.

-------------------------------------------------------------------

FOR APPELLANT:            JONATHAN J. EINHORN, Esq., New Haven, CT.

FOR APPELLEE:             ROBERT M. SPECTOR, Assistant United States
                                    Attorney (Sandra S. Glover, Assistant United

---

* Judge Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

States Attorney, *on the brief*), *for* David B. Fein, United States Attorney for the District of Connecticut, New Haven, CT.

Appeal from the United States District Court for the District of Connecticut (Alvin W. Thompson, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Defendant-Appellant Tommy Garcia appeals from a judgment of conviction entered in the United States District Court for the District of Connecticut (Thompson, C.J.) following his plea of guilty to one count of conspiring to possess and distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a), (b)(1)(A), and 846. The District Court sentenced Garcia principally to a 70-month term of imprisonment, to be followed by a five-year term of supervised release. On appeal, Garcia contends that the District Court erroneously determined that he was responsible for a quantity of crack cocaine that was neither known to him nor reasonably foreseeable by him. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

"The law is well established that if, as a tactical matter, a party raises no objection to a purported error, such inaction constitutes a true 'waiver' which will negate even plain error review." United States v. Quinones, 511 F.3d 289, 321 (2d Cir. 2007) (citation and quotation marks omitted); see United States v. Olano, 507 U.S. 725, 733 (1993); United States v. Polouizzi, 564 F.3d 142, 153 (2d Cir. 2009). Garcia intentionally waived his

right to challenge the factual bases of his sentence, including the drug quantity for which he was held accountable at sentencing.

At his sentencing hearing, for example, Garcia confirmed that during a safety valve proffer, he admitted to being responsible for distributing six kilograms of cocaine base. He explicitly declined a hearing on that issue. In his sentencing memorandum, moreover, Garcia stated that he had no objection to the facts contained in the presentence report, which noted that he was responsible for six kilograms of cocaine base. Similarly, in arguing for a downward departure under the Sentencing Guidelines, he admitted that "it was foreseeable to him that the quantities alleged by the government were involved."

Garcia received several tangible benefits from his tactical decision to admit both drug quantity and type. First, he qualified for safety valve relief from the mandatory minimum ten-year sentence. See 18 U.S.C. § 3553(e). Second, he received a two-level decrease in his Sentencing Guidelines range. See 18 U.S.C. § 3553(f). Third, he received an additional three-level reduction under the Guidelines for full acceptance of responsibility. Ultimately, the District Court imposed a non-Guidelines sentence of 70 months, below the applicable Guidelines range of 87-108 months.

Even if we were to conclude that Garcia had not waived his right to challenge the factual bases for his sentence, his argument based on United States v. Chalarca, 95 F.3d 239 (2d Cir. 1996), would have no merit. Unlike in Chalarca, where the defendant "was not aware that the purpose of his trip . . . was to purchase cocaine," id. at 244, Garcia directly participated in the drug transactions as a drug courier and knew that he was

delivering drugs.  Indeed, at sentencing, it was agreed that Garcia "was paid in terms of the amount of drugs that were sold.  So that approximately 1 kilogram cocaine base was sold every 10 days to two weeks, and for that he was paid somewhere between $600 and $800."  Sentencing Tr., Aug. 17, 2010, at 5-6.  "[T]he quantity of drugs attributed to a defendant need not be foreseeable to him when he personally participates, in a direct way, in a jointly undertaken drug transaction."  Chalarca, 95 F.3d at 243.

We have considered Garcia's remaining arguments and find them to be without merit.  For the foregoing reasons, the judgment of conviction is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4