**NOT FOR PUBLICATION**


UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ADAM TODD SAETRUM, | No. 15-35656 |
| Plaintiff-Appellee, | D.C. No. 1:13-cv-00425-WBS |
| v. | |
| JAKE VOGT, Ada County Deputy Sheriff, | MEMORANDUM* |
| Defendant-Appellant, | |
| and | |
| GARY RANEY, Ada County Sheriff; TYLER STENGER, Ada County Deputy Sheriff; KEVIN LOUWSMA, Ada County Detective; STEVE ROBINSON, Ada County Deputy Sheriff, | |
| Defendants. | |

Appeal from the United States District Court
for the District of Idaho
William B. Shubb, District Judge, Presiding

Argued and Submitted November 7, 2016
Submission Withdrawn November 9, 2016
Resubmitted December 16, 2016
Portland, Oregon

---

*This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  McKEOWN, W. FLETCHER and FISHER, Circuit Judges.

In February 2013, plaintiff Adam Todd Saetrum was arrested for dealing marijuana.  During the course of his arrest, defendant Jake Vogt allegedly drove his patrol car into Saetrum and then executed a hands-on takedown, causing him to suffer a concussion.  The district court denied Vogt's summary judgment motion as to Saetrum's excessive force claims arising from each of these uses of force.  Vogt appeals, arguing he is entitled to qualified immunity.  We have jurisdiction under 28 U.S.C. § 1291, we affirm on the patrol car claim, and we reverse on the takedown claim.

## A.  The Patrol Car Claim

1.  On the patrol car claim, Vogt argues there was no Fourth Amendment seizure because there is insufficient evidence he *intended* to hit Saetrum with the patrol car.  *See Cty. of Sacramento v. Lewis*, 523 U.S. 833, 844 (1998).[1]  We disagree.

---

[1] On interlocutory appeal from the district court's denial of summary judgment on the basis of qualified immunity, our review generally is "limited to questions of law." *Jeffers v. Gomez*, 267 F.3d 895, 903 (9th Cir. 2001).  We may, however, review a district court's factual determination when the defendant challenges the sufficiency of the evidence as to his motive. *See id.* at 906-10.

A reasonable jury could find Vogt intentionally struck Saetrum with the patrol car. There is evidence in the record the patrol car accelerated, turned toward Saetrum and then hit him. This evidence is sufficient for a reasonable jury to infer the contact was intentional. *See United States v. Ross*, 626 F.2d 77, 79 (9th Cir. 1980) (a jury may reasonably infer a person intends the natural and probable consequences of his actions). A jury would not be required to credit Vogt's testimony to the contrary. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) ("[c]redibility determinations . . . are jury functions"); *Vaughn v. Teledyne, Inc.*, 628 F.2d 1214, 1220 (9th Cir. 1980) ("Cases where intent is a primary issue generally are inappropriate for summary judgment unless all reasonable inferences that could be drawn from the evidence defeat the plaintiff's claims."). Accordingly, the district court properly denied summary judgment on the question of Vogt's intent.[2]

2. Running into Saetrum with the patrol car also violated clearly established law. Any reasonable officer would have understood using the patrol car as an impact weapon was unconstitutional under the circumstances. *See Mattos v.*

---

[2] Because the seizure here involved Vogt driving his patrol car into Saetrum, knocking Saetrum to the ground, the application of physical force alone constituted a seizure. *See California v. Hodari D.*, 499 U.S. 621, 623-26 (1991) ("An arrest requires *either* physical force . . . *or*, where that is absent, *submission* to the assertion of authority.").

*Agarano*, 661 F.3d 433, 442 (9th Cir. 2011) (en banc). Cases from this and other circuits clearly established that using a car as an impact weapon constituted at least a significant, intermediate level of force. *See Young v. Cty. of Los Angeles*, 655 F.3d 1156, 1161-62 (9th Cir. 2011) (holding use of pepper spray and baton blows was intermediate force); *Bryan v. MacPherson*, 630 F.3d 805, 825-26 (9th Cir. 2010) (holding use of tasers in dart mode and stun guns was intermediate force); *Smith v. City of Hemet*, 394 F.3d 689, 701-02 (9th Cir. 2005) (en banc) (holding use of pepper spray and a police service dog was intermediate force); *United States v. Aceves-Rosales*, 832 F.2d 1155, 1157 (9th Cir. 1987) ("It is indisputable that an automobile can inflict deadly force on a person and that it can be used as a deadly weapon."); *Ludwig v. Anderson*, 54 F.3d 465, 473 (8th Cir. 1995) ("an attempt to hit an individual with a moving squad car is an attempt to apprehend by use of deadly force"); *Donovan v. City of Milwaukee*, 17 F.3d 944, 949-50 (7th Cir. 1994) (intentionally striking a motorcycle with a patrol car was "an application of deadly force").

Our precedent further established that intermediate force required more than "minimal" justification. *See Bryan*, 630 F.3d at 831 (when the government has only a "minimal interest in the use of force against [plaintiff,] [the] interest is insufficient to justify the use of an intermediate level of force against an

4

individual"). Vogt has presented no justification for hitting Saetrum with the patrol car. Accordingly, the patrol car impact violated clearly established law.

The district court properly denied summary judgment on the patrol car claim.

## B. The Takedown Claim

With respect to the takedown claim, by contrast, Vogt's actions did not violate clearly established law. Although we have recognized constitutional violations in at least two cases where officers tackled suspects, both cases involved greater force and weaker justification than are present here. *See Blankenhorn v. City of Orange*, 485 F.3d 463, 478-79 (9th Cir. 2007) (holding officers used excessive force when they "gang-tackled" a suspect who had committed misdemeanor trespass and the suspect neither posed an immediate threat nor attempted to flee); *Santos v. Gates*, 287 F.3d 846, 853-54 (9th Cir. 2002) (holding officers used excessive force where a takedown resulted in a broken back, the crime was public intoxication and the suspect neither fled nor resisted arrest); *see also Jackson v. City of Bremerton*, 268 F.3d 646, 650-52 (9th Cir. 2001) (finding no excessive force where officers pushed the plaintiff to the ground, resulting in a broken finger, sprayed "chemical irritant" in her hair and locked her in a hot patrol car to "adjust her attitude"). Accordingly, even assuming the takedown involved

5

an unreasonable application of force, the contours of the law were not sufficiently clear to put any reasonable officer on notice that tackling Saetrum would violate the Constitution.

Vogt is therefore entitled to qualified immunity on the takedown claim.

**AFFIRMED IN PART; REVERSED IN PART.  EACH PARTY SHALL BEAR ITS OWN COSTS ON APPEAL.**