Charles SIMPSON, Petitioner-Appellant,

v.

Ralph KREIGER, Sheriff, Respondent-Appellee.

No. 76–2595.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 6, 1977.

Decided and Filed Nov. 25, 1977.

James R. Willis, Cleveland, Ohio, for petitioner-appellant.

John T. Corrigan, Cuyahoga County Pros., Albin Lipold, Cleveland, Ohio, for respondent-appellee.

Before PHILLIPS, Chief Judge, CELEBREZZE, Circuit Judge, and GRAY,* Senior District Judge.

FRANK GRAY, Jr., Senior District Judge.

Charles Simpson appeals the district court's denial of his petition for a writ of habeas corpus.

Appellant was convicted in Ohio state court of selling a Camaro automobile with knowledge that its serial number had been altered and of concealing a Cadillac and Volkswagen knowing or having reasonable grounds to believe that they had been stolen. His convictions were affirmed by the Ohio Court of Appeals, and both the Ohio Supreme Court and the United States Supreme Court declined review. Subsequently, appellant brought this federal habeas corpus action. On appeal to this court, appellant advances various arguments as to why his petition should have been sustained. The court notes that these are essentially the same arguments that were made in each of the other stages of this litigation.

Appellant's first argument is that he was denied due process because the State did not give him the name of the informant whose tip precipitated the investigation that led to his arrest and conviction. *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), is cited to support this position. We are of the opinion that appellant's argument is without merit. Assuming, without deciding, that a *Roviaro* claim is cognizable in a federal habeas corpus proceeding, *Roviaro* does not require

---

* The Honorable Frank Gray, Jr., Senior Judge, United States District Court for the Middle District of Tennessee, sitting by designation.

disclosure of an informant's identity where, as here, there is no indication that the informant participated in or witnessed the offense charged. *Phillips v. Cardwell*, 482 F.2d 1348 (6th Cir. 1973).

■ Appellant's second contention is that his right to confrontation was violated when a police officer testified at trial concerning what the above-mentioned informant and others said to him. A transcript of the original state trial has not been made a part of the record on appeal, but, assuming that the policeman's testimony was as set forth in appellant's brief, we cannot say that the latter's sixth amendment rights were violated. It appears that references were made to statements of out of court declarants merely to establish the background of the officer's investigation. If any error was committed in allowing this testimony, it was harmless beyond a reasonable doubt.

■ Appellant's third argument is that a search warrant that was issued for the vehicles in question was invalid and that the evidence obtained thereby should have been suppressed. The district court found that it was precluded from addressing this argument by the Supreme Court's opinion in *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), which stated:

"In sum, we conclude that where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. at 494, 96 S.Ct. at 3052.

Appellant insists that the mandate of *Stone v. Powell* is not applicable to this case because the State's refusal to name its informant deprived him of a full and fair hearing. We disagree. A review of the record that is before us, part of which consists of *in camera* testimony concerning the informant, discloses that appellant received an appropriate hearing on his fourth amendment claim and that the district court correctly refused to consider his third contention.

■ Appellant's final arguments are that the trial judge's charge to the jury permitted him to be convicted of an offense which was not an offense at the time he committed it, thus being in violation of the Constitution's prohibition of ex post facto laws.

He was charged with violating Ohio Revised Code § 4549.04(E), since repealed, which had been enacted effective March 20, 1972. This statute provided:

"No person shall receive, buy, operate, conceal or dispose of a motor vehicle that was obtained by means of an auto theft offense, knowing or having reasonable cause to believe it to have been so obtained."

The indictment charged that the offenses were committed "on or about the 27th day of October, 1972." Appellant asserts that, since the evidence showed that he originally received the vehicles before the effective date of the statute, his conviction under the indictment should be overturned since the statute used disjunctive language and the jury was impermissibly permitted to find him guilty without agreeing as to which culpable act he had committed.

Although the charge of the trial judge is not in the record, both the Court of Appeals of Ohio and the United States District Judge state in their respective opinions that the charge was limited to "concealment." In any event, the jury's verdict, in writing, was that it had found appellant "guilty of Concealing Stolen Motor Vehicle" with reference to each of the two vehicles involved.

There is no merit to appellant's contentions in this regard. The jury found him guilty of an ongoing offense, and it is not disputed that the concealment offense was committed on or about the date charged.

The judgment of the district court is AFFIRMED.