**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**John E. BURAS, Defendant–Appellant.**

**No. 80–1250.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 7, 1980.

Decided Dec. 17, 1980.

Rehearing Denied Feb. 20, 1981.

John E. Buras, in pro. per.

John W. Spiegel, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff–appellee; Andrea Sheridan Ordin, U. S. Atty., Los Angeles, Cal., on brief.

Before WALLACE and ALARCON, Circuit Judges, and COPPLE,* District Judge.

COPPLE, District Judge:

John E. Buras appeals his conviction on four counts of willful failure to file an income tax return in violation of I.R.C. § 7203.

The defendant is a free–lance truck driver for various film studios in the Los Angeles area. For eight years preceding 1974, Buras filed income tax returns listing his wages as income. During this period, tax was withheld from his paychecks. After concluding that he was not obligated under the tax laws to report his wages as income, Buras did not file tax returns for the years

* Honorable William P. Copple, United States District Judge for the District of Arizona, sitting by designation.

1. The government also introduced evidence on this point.

1974 through 1977. Although he earned between $11,000 and $21,000 per year during this period, Buras filed withholding exemption certificates (Form W–4E) so that no tax would be withheld from his paychecks. Buras was indicted on four counts of willful failure to file income tax returns. *See* I.R.C. § 7203.

Buras filed two pretrial motions which are subjects of this appeal: (1) a motion for a judicial hearing to determine whether wages are income and (2) a motion for discovery of an informant. Both motions were denied by the district court.

At trial, Buras stipulated that during the period in question he earned wages of approximately $11,000 to $21,000 per year—well above the amount of gross income which would obligate an individual to file a return. The defendant also conceded that he did not file income tax returns during that period.[1]

Thus, the only disputed element under I.R.C. § 7203 was whether Buras' failure to file was willful. To show willfulness, the government offered evidence (1) that the defendant had filed tax returns for eight years prior to 1974, (2) that Buras had substantial amounts of income withheld from his paychecks prior to 1974, and (3) testimony from one of Buras' neighbors that Buras had told her that "he wasn't paying income tax because he thought the government . . . did things to him."

After the government rested, Buras testified on direct that he did not believe that his wages constituted income under the Internal Revenue Code. Under Buras' theory, only profit or gain, such as that from the sale of a capital asset, constituted income subject to federal tax.[2] Wages could not constitute gain or profit because wages merely represent an equivalent exchange for one's labor. In addition, the defendant submitted IRS reports and estimates of de-

2. Under Buras' theory, interest and dividends would also be subject to the income tax.

fendant's income and tax liability for the years charged in the indictment as well as a copy of a letter Buras had sent to the IRS explaining why he recognized no obligation to file tax returns.

On cross–examination, Buras admitted that this letter was written and provided to him by Arthur J. Porth.[3] After testifying that he had been acquainted with Porth since 1974 and had discussed the contents of the letter with him, Buras was asked whether Porth had ever told him that Porth had been convicted for failing to file income tax returns. The trial court sustained an objection to this question and instructed the jury to "disregard the question and any implications from the question." By implication, the court denied the defendant's motion for a mistrial.

Buras was also questioned on cross–examination concerning a profit he had made from the sale of his house during the time period charged in the indictment. He realized approximately a $20,000 profit from the sale and spent the proceeds. Although he admitted that this gain was subject to tax under his theory, Buras testified that he did not report this income because he believed he had no such obligation so long as he intended to reinvest the proceeds in another home. The court overruled defense objections that this line of questioning delved into areas that were irrelevant to the crime charged in the indictment.

After the defense rested, the trial court denied the defendant's motion for acquittal under Fed.R.Crim.P. 29(a) and refused two instructions offered by the defendant. The jury returned a verdict of guilty on all four counts.

## Sufficiency of the Evidence

Buras contends that the court below erred in denying his motion for acquittal because the government presented insufficient evidence on the issue of willfulness.

■ A failure to file an income tax return does not violate I.R.C. § 7203 if the failure resulted from a good faith misunderstanding of the law. *United States v. Matosky*, 421 F.2d 410, 413 (7th Cir.), *cert. denied* 398 U.S. 904, 90 S.Ct. 1691, 26 L.Ed.2d 62 (1970). *See United States v. Ross*, 626 F.2d 77, 80 n.1 (9th Cir. 1980).

■ Since the defendant did not move for acquittal until after the appellant had presented his defense, this court must consider all of the evidence that the jury had before it. *See United States v. Figueroa–Paz*, 468 F.2d 1055, 1058 (9th Cir. 1972). Evidence is sufficient if, viewed in the light most favorable to the government, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). *See United States v. Kipp*, 624 F.2d 84, 84 (9th Cir. 1980).

■ The evidence demonstrated that Buras had filed returns between 1966 and 1973, thus indicating an awareness of his legal obligation to file. *United States v. Ross*, 626 F.2d at 79. A similar pattern was established with regard to withholding. Prior to 1974, Buras had his taxes withheld from his paychecks. During and after 1974, he submitted withholding exemption certificates. A neighbor testified that Buras had explained to her that he did not pay income tax because he thought the "government ... did things against him." Moreover, Buras testified that he did not report the gain he realized from the sale of his house, thereby casting doubt on Buras' sincerity. Finally, Buras was aware of treasury regulations that defined wages as income.

Considering this evidence, it would certainly be reasonable for a jury to conclude that Buras was aware of his legal obligation to file returns, and that his failure to file did not result from a good faith misunderstanding of the law.

## The Pretrial Motions

■ The defendant appeals from the district court's denial of his motion to discover

---

**3.** Porth has been convicted under I.R.C. § 7203 for willful failure to file tax returns. *United States v. Porth*, 426 F.2d 519 (10th Cir.), *cert.* *denied* 400 U.S. 824, 91 S.Ct. 47, 27 L.Ed.2d 53 (1970).

the identity of an informant who had told the IRS that Buras had not filed tax returns. The court found that the informant was merely a "tipster". Buras argues that the informant might have been able to provide information regarding whether Buras' failure was willful or in good faith. Such unfounded suspicion or conjecture falls short of the showing of materiality required by *Rovario v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). The appellant has not made any showing that disclosure of the informant's identity or of the contents of his communication would be relevant or helpful to the defense or essential to a fair determination of the case. This is not a case where the informant was a witness to the crime. *See United States v. Kelly*, 449 F.2d 329, 330 (9th Cir. 1971). Neither is this a case where the informant must have participated in the crime. *See Simpson v. Kreiger*, 565 F.2d 390, 392 (6th Cir. 1977), *cert. denied* 435 U.S. 946, 98 S.Ct. 1531, 55 L.Ed.2d 544 (1978). Although the informant's tip precipitated the investigation that led to Buras' arrest, that fact alone is insufficient to compel disclosure of the informant. *See id.* at 391.

█ Buras also contends that the district court erred in failing to hold a hearing on the issue of whether wages constitute income. Since this issue is purely a legal one and since the court fully considered Buras' written arguments, the district court acted well within its discretion in denying defendant's request for a hearing.

*Jury Instructions*

█ Buras contends that the district court erred in refusing to instruct the jury that the government could avail itself of the civil remedy of assessing Buras' taxes without filing criminal charges. *See* I.R.C. § 6020(b). Because the availability of a civil remedy is irrelevant to the issue of criminal liability, the court correctly refused to give such an instruction. *See United States v. Merrick*, 464 F.2d 1087, 1093 (10th

Cir.), *cert. denied* 409 U.S. 1023, 93 S.Ct. 462, 34 L.Ed.2d 314 (1972). Such an instruction would serve only to confuse the jury.

█ The appellant asserts that the district court erred in refusing to give his proposed instruction on willfulness. The court, however, did give an alternative instruction that covered the substance of Buras' proposed instruction. A defendant has no right to have the jury instructed in the precise language he may desire. *United States v. Pallan*, 571 F.2d 497, 501 (9th Cir.), *cert. denied* 436 U.S. 911, 98 S.Ct. 2249, 56 L.Ed.2d 411 (1978). The district court did not err in refusing Buras' proposed instruction.

*Prosecutorial Misconduct*

█ Buras contends that the trial court erred in not declaring a mistrial following improper questioning of Buras on cross-examination. After Buras admitted that Porth had provided him the letter Buras had sent to the IRS, Buras was asked whether Porth had ever told him that Porth had been convicted for his failure to file tax returns. Although the court sustained the defendant's objection and instructed the jury to disregard it, Buras argues that the trial court erred in not declaring a mistrial.

The question was clearly relevant to the question of whether Buras' failure to file resulted from a good faith misunderstanding of the law. Lack of good faith would be indicated if the defendant were aware that the very person whose arguments he adopted to show that he did not have an obligation to file had been found criminally liable for failing to file a return. *See United States v. Ross*, 626 F.2d at 78. Apparently, the court did not permit the question because the government was unable to show that Porth had been convicted well before Buras had submitted Porth's letter.[4] In any event, the curative instructions given immediately after the objection was sustained and again at the close of the trial

---

4. As it turns out, Porth's conviction was affirmed by the Tenth Circuit in 1970, more than six years before Buras submitted Porth's letter.

*See United States v. Porth*, 426 F.2d 519 (10th Cir.), *cert. denied* 400 U.S. 824, 91 S.Ct. 47, 27 L.Ed.2d 53 (1970).

eliminated any danger that the jury might be prejudiced against Buras because of his association with a lawbreaker.

*Extent of Cross Examination*

■ Buras argues that it was improper for the government to question the defendant on cross examination about the gain he realized from the sale of his house. It is argued that the introduction of this evidence improperly broadened the scope of the indictment to include offenses not charged.

This evidence was clearly relevant to the issue of Buras' good faith in believing that he had no obligation to file a return. Under Buras' theory, he had no obligation to file a return because wages are not income. Buras construes income as constituting only gain or profit. Whether or not Buras reported the gain from the sale of his house is relevant to whether Buras held his theory in good faith. This evidence is probative as to the sincerity of the defendant's beliefs. Considering that this evidence was clearly relevant to Buras' intent, it was not an abuse of discretion for the trial court to admit this evidence for that purpose. *See United States v. Watkins*, 600 F.2d 201, 205 (9th Cir. 1979), *cert. denied* 444 U.S. 871, 100 S.Ct. 148, 62 L.Ed.2d 96 (1980).

*The Definition of Income*

■ Buras contends that the district court erroneously instructed the jury that wages constitute income. In addition to arguing that only gain or profit can constitute income, Buras argues that the income tax is essentially an excise tax. He argues that he can be subject to an excise tax only if he benefits from "any sort of privilege extended by a government agency." Since he is only a wage earner, he argues that he cannot be subject to an excise tax.

Treas.Reg. § 1.61–2(a)(1) clearly includes wages within the definition of income. Buras, however, argues that this regulation is invalid because it is inconsistent with the constitutional definition of income. According to Buras, income must be derived from some source. Wages cannot be taxed because the wage earner enjoys no gain from that source. Since the wage earner

exchanges his labor and personal time for its equivalent in money, he derives no gain and therefore cannot be taxed.

Appellant's argument is refuted by one of the cases he cites. In *Stratton's Independence, Ltd. v. Howbert*, 231 U.S. 399, 415, 34 S.Ct. 136, 140, 58 L.Ed. 285 (1913), the Court did define income as gain derived from labor. The Court went on to explain, however, that "the earnings of the human brain and hand when unaided by capital" are commonly treated as income. *Id.*

■ As for Buras' argument that he may not be taxed because he is a wage earner, the Sixteenth Amendment is broad enough to grant Congress the power to collect an income tax regardless of the source of the taxpayer's income. *United States v. Russell*, 585 F.2d 368, 370 (8th Cir. 1978); *United States v. Silkman*, 543 F.2d 1218, 1220 (8th Cir. 1976), *cert. denied* 431 U.S. 919, 97 S.Ct. 2185, 53 L.Ed.2d 230 (1977).

*Ineffective Assistance of Counsel*

■ Finally, Buras argues that he was prejudiced by ineffective assistance of counsel due to counsel's failure to argue Buras' theories at trial. Counsel was involved in at least some of Buras' pretrial motions arguing that wages do not constitute income. Considering the district court's disposition on these motions, it would have been inappropriate for counsel to have argued Buras' theories at trial, except to the extent that they indicate that Buras' failure to file resulted from a good faith misunderstanding of the law. Both during the trial and closing argument, counsel sought to demonstrate that Buras' sincerity in his beliefs and his openness regarding his theories precluded a finding of willfulness. Merely because the district court refused to accept Buras' theories as the correct interpretation of the Sixteenth Amendment is hardly an indication that counsel was ineffective.

The judgment is AFFIRMED.