GREGORY A. DRAPER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Draper v. Commissioner
Docket No. 20293-82.
United States Tax Court
T.C. Memo 1983-742; 1983 Tax Ct. Memo LEXIS 52; 47 T.C.M. (CCH) 613; T.C.M. (RIA) 83742; December 12, 1983. Gregory A. Draper, pro se. Timothy W. Burgmeier, for the respondent. GILBERT MEMORANDUM FINDINGS OF FACT AND OPINION GILBERT, Special Trial Judge: This case was assigned pursuant to the provisions of section 7456(c) and (d) [1] and Delegation Order No. 8 (81 T.C. VII) (July 1983) for consideration and ruling on respondent's Motion for Summary Judgment filed on July 8, 1983, pursuant to Rule 121, Tax Court Rules of Practice and Procedure.[2]
*53 Respondent determined a deficiency in petitioner's 1980 Federal income tax in the amount of $204. The issues for consideration are: (1) Whether petitioner is entitled to a deduction for moving expenses under section 217; and (2) whether respondent correctly determined petitioner's tax liability for the year 1980. Petitioner resided at 676 East Findlay Street in Carey, Ohio, at the time his petition was filed. During 1980, petitioner was employed by both the Halliburton Company in Duncan, Oklahoma, and the Snyder Lumber Company in Carey, Ohio. On or before April 15, 1981, he filed a Federal income tax return for 1980 in which he reported gross income in the amount of $12,664. Petitioner subsequently mailed a letter to respondent, dated September 22, 1981, in which he requested a refund of $2,337 for the year 1980. Respondent disallowed the claim for refund and, after completing an audit of petitioner's 1980 tax return, issued a statutory notice of deficiency. The deficiency determination made by respondent resulted from respondent's disallowance of a deduction for certain moving expenses. Petitioner does not argue that the specific adjustment made by respondent in the *54 statutory notice of deficiency is erroneous. Instead, the sole assignment of error raised in his petition is that the amount of taxable income reported for the year 1980 is incorrect. Petitioner admits that he received wages totaling $12,664 during that year, as shown by the Forms W-2 that were submitted into the record. Consequently, there is no factual dispute regarding the amount of wages that he earned. Petitioner alleges, however, that the wages are not subject to tax because: (1) The Federal income tax laws impose an indirect tax and are, therefore, not authorized by the 16th Amendment; (2) compensation received in exchange for services or labor is not taxable income; and (3) he is not a "person" liable for income tax. We do not agree. The Federal income tax laws are constitutional. Since the ratification of the 16th Amendment, it is immaterial, with respect to income taxes, whether the tax is a direct or indirect tax. As stated by the Court in United States v. Buras,633 F.2d 1356, 1361 (9th Cir. 1980), "* * * 'the Sixteenth Amendment is broad enough to grant Congress the power to collect an income tax regardless of the source of the taxpayer's income'. *55 " Gross income includes income realized in any form, whether in money, property, or services. Section 61. Although the wages received by petitioner may represent no more than the time value of his work, they represent gain from his labor that may be taxed as income. Rice v. Commissioner,T.C. Memo. 1982-129, and cases cited therein. Consequently, we hold that the wages earned by petitioner are includable in his gross income for the year 1980. Rowlee v. Commissioner,80 T.C. 1111 (1983), on appeal (2d Cir. Sept. 13, 1983). Although given ample opportunity to do so, petitioner failed to allege any error with respect to respondent's disallowance of the deduction claimed for moving expense. Rule 121 provides that a party may move for summary judgment upon all or any part of the legal issues in controversy so long as there are no genuine issues of material fact. Petitioner has failed to raise a question as to any material fact or to advance any valid legal theory that would tend to show that respondent's determination in this case was incorrect. Since there is no genuine issue of fact and a decision may be rendered as a matter of law, respondent's *56 Motion for Summary Judgment, under Rule 121, will be granted. An appropriate order will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. All rule references are to the Tax Court Rules of Practice and Procedure.↩