PAUL RACZKOWSKI, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Raczkowski v. Commissioner
Docket No. 3449-83.
United States Tax Court
T.C. Memo 1984-256; 1984 Tax Ct. Memo LEXIS 412; 48 T.C.M. (CCH) 94; T.C.M. (RIA) 84256; May 14, 1984. Paul Raczkowski, pro se. John P. Franklin, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: Respondent determined deficiencies in petitioner's income tax as follows: Additions to tax
Underlying
Year ended
deficiency
Sec. 6651(a) [1]
Sec. 6653(a)
Sec. 6654(a)
Dec. 31, 1978
$1,679.00
$419.75
$83.95
$53.72
Dec. 31, 1979
1,487.00
371.75
74.35
62.45
*413 This case was submitted as a fully stipulated case. The stipulation of facts and exhibits attached thereto are incorporated herein and found accordingly. Petitioner resided in National City, Cal., at the time he filed his petition herein. During the taxable year ended December 31, 1978, petitioner received $12,036.05 in wages, from which $500.20 Federal income tax was withheld. During the taxable year ended December 31, 1979, petitioner received $11,420.86 in wages, from which no Federal income tax was withheld. Petitioner did not file any Federal income tax return for either 1978 or 1979. In this proceeding, petitioner makes no claim for, and offered no proof as to, itemized deductions. Petitioner rests his case solely on a legal argument. He contends that his labor is the source of the wages paid to him, that the income tax on those wages is a direct tax on the source, and not on income, and that such a tax does not fall within the permissible limits of the Sixteenth Amendment and constitutes an unapportioned tax prohibited by the United States Constitution. Petitioner's contention has previously been considered by this Court and rejected as "spurious," Rowlee v. Commissioner,80 T.C. 1111, 1120 (1983), *414 and has also been rejected by the Ninth Circuit Court of Appeals, to which an appeal in this case would lie, United States v. Buras,633 F.2d 1356, 1361 (9th Cir. 1980). We do likewise in this case and hold that the amounts which petitioner received as wages constitute gross income under section 61. Respondent's determinations as to the underlying deficiencies are sustained. As to the additions to tax, the burden of proof is on the petitioner to show that his failure to file returns was "due to reasonable cause and not due to willful neglect" (section 6651(a)) and that the underpayment determined by respondent was not "due to negligence or intentional disregard of rules and regulations" (section 6653(a)). Petitioner has not carried his burden, with the result that respondent's determinations are sustained. As to the additions to tax under section 6654(a) for underpayments of estimated tax, that section is mandatory. Bagur v. Commissioner,66 T.C. 817, 824 (1976), remanded on other issues 603 F.2d 491 (5th Cir. 1979). In order to take into account the amount of income tax withheld in 1978 in determining the additions to tax under *415 sections 6651(a) and 6654(a), Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years to issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩