JOHN E. BURAS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Buras v. Commissioner
Docket No. 4496-82.
United States Tax Court
T.C. Memo 1985-26; 1985 Tax Ct. Memo LEXIS 611; 49 T.C.M. (CCH) 538; T.C.M. (RIA) 85026; January 14, 1985. John E. Buras, pro se. Dennis Brager, for the respondent. JACOBS MEMORANDUM FINDINGS OF FACT AND OPINION JACOBS, Judge: Respondent determined the following deficiencies in petitioner's Federal income tax and additions to tax: Additions to Tax
Taxable Year
Deficiency
§ 6653(b) [1]
§ 6654
1974
$2,030.81
$1,015.41
$ 64.34
1975
$1,386.00
$ 693.00
$ 60.02
1976
$6,352.40
$3,176.20
$222.54
1977
$3,129.00
$1,564.50
$111.33
The issues for decision are: (1) whether compensation petitioner received for his services *613 is income; and (2) whether any part of an underpayment of tax for any of the years in issue was due to fraud (sec. 6653(b)); and (3) whether petitioner is liable for additions to tax for failure to pay estimated tax (sec. 6654). FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts is incorporated herein by this reference. Petitioner resided in Van Nuys, California, at the time he filed the petition herein. During the years in issue, he was employed as a driver for several movie production studios and received compensation, as follows: Employer
1974
1975
1976
1977
ABC
$7,622.91
$1,566.09
Lorimer
2,793.83
2,521.95
$86.62
Paramount
123.38
Samuel Goldwyn
283.20
10.78
Burbank Studios
121.07
113.95
5.77
20th Century
2,207.85
86.01
MGM
116.93
Universal
5,833.66
246.70
Walt Disney
502.73
25.48
The Joyak Company
96.37
King Kong
278.55
16,694.65
Solow
3986.05
$19,639.93
Mark VII, Ltd.
805.34
Petitioner received a state income tax refund of $711.00 in 1974.In addition, in 1976, he sold his house realizing a gain of $7,621.50. Although petitioner *614 filed tax returns, and had income taxes withheld, since 1966, by his own admission he stopped doing so during the years 1974 through 1977. Further, petitioner filed false withholding exemption certificates (Form W-4E) for each such year. [2] As a result, petitioner did not report the compensation received from his employment or gain from the sale of his house, nor was any tax withheld or paid. In addition, he failed to pay estimated tax. In 1979 petitioner was indicted in the United States District Court for the Central District of California on four counts of willfully failing to file returns for 1974 through 1977 (sec. 7203) and one count of willfully filing a false withholding exemption certificate for 1975 (sec. 7205). On April 14, 1980, he was convicted of the four counts under section 7203. This judgment was affirmed on December 17, 1983 ( United States v. Buras,633 F.2d 1356 (9th Cir. 1980)). OPINION Wages As Income
Petitioner believes *615 that there is a confusion in the law as to whether wages are taxable. Pursuant to his analysis of the tax code, and his reading of various cases, only "gain" from the sale of capital is taxable and as the wages received by him represent a quid pro quo for the value of services rendered, he realized no "gain" as a result of rendering service and hence had no taxable income upon the receipt of such wages. Petitioner's "belief" notwithstanding, no such confusion in the law exists. Petitioner's argument has been categorically refuted in every instance in which it had been raised. That wages are income is one of the few clear rules that exist in the tax law today. This has been an established rule for years (section 61(a)(1); Eisner v. Macomber,252 U.S. 189 (1920)); it has been reaffirmed repeatedly by this court (e.g., Rowlee v. Commissioner,80 T.C. 1111 (1983), appeal dismissed (2d Cir. April 3, 1984)), and by other courts (of particular note is the Ninth Circuit's affirmance on December 17, 1983, of petitioner's conviction for willful failure to file returns, in which that court rejected the same argument that petitioner made to this *616 Court at trial on May 29, 1984, United States v. Buras,633 F.2d 1356, 1361 (9th Cir. 1980)). The wages petitioner received in each of the years in question constitute income; we need say no more on this issue. [3]
Additions To Tax
Respondent alleges that petitioner's underpayment of tax is due to fraud; therefore, respondent seeks an addition to tax of 50% of the underpayment, as authorized by section 6653(b). To prevail, respondent must prove [4] by clear and convincing evidence that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968); Webb v. Commissioner,394 F.2d 366 (5th Cir. 1968), affg. a Memorandum Opinion of this Court. The existence of fraud is a question of fact to be resolved upon consideration of the entire record. Gajewski v. Commissioner,67 T.C. 181, 199 (1976), *617 affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). Fraud will never be presumed. Beaver v. Commissioner,55 T.C. 85, 92 (1970). Fraud may, however, be proved by circumstantial evidence because direct proof of the taxpayer's intent is rarely available. The taxpayer's entire course of conduct may establish the requisite fraudulent intent. Stone v. Commissioner,56 T.C. 213, 223-224 (1971); Otsuki v. Commissioner,53 T.C. 96, 105-106 (1969). Failure to file tax returns, without more, is not proof of fraud; such omission may be consistent with a state of mind other than the intention and expectation of defeating the payment of taxes. Stolzfus v. United States,supra; Cirillo v. Commissioner,314 F.2d 478, 482 (3d Cir. 1963), revg. a Memorandum Opinion of this Court. Failure to file, however, may be considered in connection with other facts in determining whether any deficiency or underpayment of tax is due to fraud. Beaver v. Commissioner,supra at 93. [Rowlee v. Commissioner,supra at 1123-1124, fn. ref. omitted.] *618 Petitioner knew, or at least reasonably should have known, of his obligation to report his income, pay the tax thereon and to comply with the withholding provisions. This is evidenced by the fact that he had previously complied with the law for eight years. Petitioner failed to file tax returns for any of the years at issue. Beaver v. Commissioner,55 T.C. 85, 93 (1970). His conviction under section 7203 is conclusive evidence that this failure to file was willful. [5] He also filed false withholding exemption forms. Habersham-Bey v. Commissioner,78 T.C. 304 (1982). In our opinion, respondent has sustained his burden under section 6653(b). *619 The evidence clearly and convincingly establishes that petitioner's actions were motivated by an intent to avoid his tax liability.Therefore, we find a basis for the imposition of the addition under section 6653(b). As to the section 6654(a) addition, petitioner avoided wage withholding and made no other arrangement to pay estimated tax. It is no excuse that petitioner thought that only those who are self employed or independent contractors must make estimated tax payments. The addition to tax of section 6654(a) does not require a particular state of mind, as does the addition under section 6653(b). Because petitioner failed to pay estimated tax installments, he is liable for this addition to tax regardless of any alleged lack of intent to do so. Damages
In our opinion, petitioner's position is frivolous. Frivolous cases, such as the instant case, burden the case load of this Court and delay our consideration of cases involving genuine tax controversies. To discourage the institution and maintenance of frivolous or groundless proceedings, Congress enacted section 6673 which provides, for cases pending in this Court after November 15, 1984: Whenever it appears to the *620 Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax. The awarding of damages under section 6673 in this case is appropriate; accordingly we award damages under such section in the amount of $500 to the United States. On the basis of the foregoing, Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, and all rule references are to the Tax Court Rules of Practice and Practice.↩
2. On each Form W-4E petitioner checked the boxes that contained the statements that he had incurred no taxable liability for the previous year and expected to incur none for the current year.↩
3. Even were we to accept petitioner's position that only gain from the sale of one's capital is taxable, he did not explain his failure to pay tax on the gain he derived from the sale of his house.↩
4. Section 7454(a); Rule 142(b).↩
5. We note here that had petitioner been convicted under section 7201, he would be collaterally estopped from arguing that he was not engaged in fraud. Amos v. Commissioner,43 T.C. 50 (1964), affd. 360 F.2d 358↩ (4th Cir. 1965). However, since his conviction was under section 7203, the conviction operates only to establish that he intentionally failed to file, which is one factor bearing on whether petitioner's failure to pay the tax owed was due to fraud.