MARY LOU UNROE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Unroe v. Commissioner
Docket No. 17719-83.
United States Tax Court
T.C. Memo 1985-149; 1985 Tax Ct. Memo LEXIS 486; 49 T.C.M. (CCH) 1081; T.C.M. (RIA) 85149; March 27, 1985. Mary Lou Unroe, pro se. Brett J. Miller, for the respondent. JACOBS
MEMORANDUM FINDINGS OF FACT AND OPINION JACOBS, Judge: Respondent determined a deficiency of $5,224 in petitioner's 1981 Federal income tax liability, and additions to tax under sections 6651(a)(1) and 6653(a) [1] in the respective *488 amounts of $429 and $261.20. In his amended answer, respondent has requested an award of damages under section 6673 in an amount that this Court deems appropriate. Respondent filed a motion for summary judgment pursuant to Rule 121. [2] Apart from the threshold question of whether there is a genuine issue of material fact that would prevent summary disposition of the issues raised herein, the issues for decision are: (1) whether wages received by petitioner during 1981 are taxable; (2) whether petitioner is a person subject to the provisions of the Internal Revenue Code; (3) whether petitioner is liable for the addition to tax provided under section 6651(a)(1) for failure to file a return for taxable year 1981 within the time prescribed by law; (4) whether petitioner is liable for the addition to tax under section 6653(a) where the underpayment of tax is due to either negligence or the intentional disregard of rules and regulations. *489 FINDINGS OF FACT In support of his motion for summary judgment, respondent filed an affidavit with supporting exhibits pursuant to Rule 121(b). [3] Petitioner did not file any affidavits or exhibits in opposition to the motion. The undisputed documents supplied by respondent and undisputed facts in the pleadings constitute the facts for the purposes of this motion. Petitioner, at the time of filing the petition, resided in Anderson, Indiana. On or before April 21, 1982, petitioner filed a document with the Internal Revenue Service that purported to be a U.S. Individual Income Tax Returne Form 1040. The document filed by petitioner *490 was a so-called "Eugene J. May" return. [4] Although closely resembling an official Form 1040, a "Eugene J. May" return contains margin and line captions that differ from those found on a standard Form 1040. Specifically, the word "receipts" is substituted for the word "income" where the latter appears on Form 1040. The line captions of lines 23 through 30, which on Form 1040 provide for the reporting of above-the-line deductions, have been replaced with references to various court cases and to a statutory provision, and, in the case of line 23, with the caption "non-taxable receipts." The document filed recites that petitioner's occupation is that of "laborer." Forms W-2 show that during 1981 petitioner received $21,775.83 from General Motors Corporation as wages and $2,499 in sick pay. Federal income tax in the amount of $3,508.44 was withheld on petitioner's wages. On her purported return, petitioner reported "total receipts" of $24,274.83 and deducted therefrom "non-taxable receipts" of $24,274.83. As a result, petitioner reported a tax liability of zero and *491 a refund due her of $3,508.44. Petitioner was first contacted in connection with her 1981 income tax liability by Revenue Agent John M. Call. By letter dated September 1, 1982, Revenue Agent Call requested a meeting on September 14, 1982. On September 13, 1982, petitioner telephoned Revenue Agent Call to advise him that she could not attend the scheduled September 14 conference. By letter dated September 13, 1982, Revenue Agent Call advised petitioner that the conference appointment had been rescheduled for October 4, 1982. By letter dated October 1, 1982, petitioner cancelled the October 4 appointment, indicating that the scheduled time was inconvenient. On April 4, 1983, a notice of deficiency was issued to petitioner. Petitioner filed her petition on July 1, 1983. The petition alleges as errors in the notice of deficiency that petitioner's wages are not taxable income and were wrongfully included in her gross income. The petition also alleges that petitioner is not a person subject to the Internal Revenue Code. On October 25, 1983, respondent sent petitioner a letter advising her that the arguments raised in her petition were frivolous and without merit and that respondent *492 would be seeking the award of damages under section 6673. The letter advised petitioner of court decision holding that petitioner's arguments were without merit and enclosed copies of same. The letter also quoted the text of section 6673 in its entirety. By letter dated November 2, 1983, petitioner replied to respondent's letter of October 25, stating that her arguments were neither frivolous or groundless. OPINION The threshold question in considering each of the issues for our consideration is whether there is any material issue of fact that would preclude a summary adjudication of the issues before us. In determining whether summary judgment is appropriate, we may look beyond the pleadings to the other materials in the record to determine if any genuine issue of material fact exists. Beard v. Commissioner,82 T.C. 766, 772 (1984). In considering whether there is any genuine issue of fact with respect to each of the issues before us, the evidentiary record must be viewed in the light most favorable to the party opposing the motion for summary judgment. Elkins v. Commissioner,81 T.C. 669, 674 (1983); Jacklin v. Commissioner,79 T.C. 340, 344 (1982). *493 The burden of proving the absence of a genuine issue of material fact is on the moving party, which in this case is respondent. Beard v. Commissioner, supra at 772-773. Issues Raised on the Petition with Respect to the Deficiency Determination
The deficiency determined in the statutory notice was besed entirely on the inclusion of petitioner's wages in her 1981 gross income. There is no dispute as to the fact that petitioner received wages in 1981 and as to the correctness of the amounts she received as determined by respondent. [5] The only justiciable errors with respect to respondent's determination are legal questions; namely, (1) whether compensation for services is income and therefore subject to tax, and (2) whether petitioner is a person subject to the Internal Revenue Code. The law clearly provides that wages are income within the meaning of the Federal taxing statutes. Sec. 61(a)(1). The "equal exchange" argument [6] advanced by petitioner has been categorically refuted in every case in which it has been raised. E.g.,Lonsdale v. Commissioner,661 F.2d 71 (5th Cir. 1981), *494 affg. a Memorandum Opinion of this Court; United States v. Buras,633 F.2d 1356 (9th Cir. 1980); Rowlee v. Commission,80 T.C. 1111 (1983). The argument merits no further discussion here. The second argument raised by petitioner in disputing the deficiency is that, as a matter of law, she is not a "person" subject to the provisions of the Internal Revenue Code. Petitioner, as a matter of law, is a person subject to the provisions of the Internal Revenue Code. Sec. 6012(a)(1)(A). Therefore, respondent's determination is sustained. Addition to Tax under Section 6651(a)(1)
The addition to tax provided under section 6651(a)(1) *495 applies where the taxpayer has failed to file a return within the time prescribed by law, except where the failure to meet the filing requirement is due to reasonable cause and not due to willful neglect. Respondent alleges that petitioner is liable for the addition to tax provided under section 6651(a)(1) because the "Eugene J. May" return was not a return within the meaning of sections 6012, 6072, and 6651(a)(1). Petitioner has not pleaded any justiciable facts upon which respondent's determination can be found erroneous. Section 6011(a) of the Internal Revenue Code of 1954 provides as follows: "When required by regulations prescribed by the Secretary any person liable for any tax imposed by this title, or for the collection thereof, shall make a return or statement according to the forms and regulations prescribed by the Secretary. Every person required to make a return or statement shall include thereon the information required by such forms or regulations." In Beard v. Commissioner,82 T.C. 766, 774-776 (1984), we had occasion to discuss the scope of the statutory authority granted to the Treasury Department to require the use of *496 the proper official form, as well as the Commissioner's discretion to reject an unofficial form. We will not reiterate here our discussion in Beard. Suffice it to say, the "Eugene J. May" return filed by the petitioner does not satisfy the standards set forth in Rev. Proc. 80-47, 1980-2 C.B. 782, [7] with which a facsimile or bona fide substitute must comply in order to be accepted as a return by the Commissioner.
The Supreme Court in Florsheim Bros. Drygoods Co. v. United States,280 U.S. 453 (1930), formulated the following test for determining the sufficiency of a return for purposes of the statute of limitations: (1) there must be sufficient data to calculate tax liability; (2) the document must purport to be a return; (3) there must be an honest and reasonable attempt to satisfy the requirements of the tax law; and (4) the taxpayer must execute the return under penalties of perjury. The requirement that the document must represent an honest and genuine attempt to comply with the law was reaffirmed by the Court in Zellerbach Paper Co. v. Helvering,293 U.S. 172, 180 (1934), *497 and most recently in Badaracco, Sr. v. Commissioner, 464 U.S.     (1984). In Beard v. Commissioner,82 T.C. 766 (1984), we held, on a motion for summary judgment, that the tampered form filed by the taxpayer did not constitute a valid return, because the tampered form did not represent an honest and genuine attempt to comply with the law. The form filed by the taxpayer in Beard was essentially a "homemade" "Eugene J. May" return. We find no reason to accord different treatment to the "store-bought" itme. Accordingly, we hold that the document filed by petitioner is not an honest and genuine attempt to comply with the law, but rather an attempt to flout the law; therefore, the document does not constitute a return for the purposes of section 6651(a)(1). Respondent's determination that petitioner is liable for the addition to tax under section 6651(a)(1) is sustained. Addition to Tax under Section 6653(a)
In the deficiency notice, respondent determined an addition to petitioner's 1981 income tax under section 6653(a)(1) and (2) on the ground that all of part of petitioner's underpayment was due to negligence or an intentional disregard of rules *498 and regulations. The "underpayment" is "[t]he amount of the tax imposed by subtitle A * * * if a return was not filed on or before the last date (determined with regard to any extension of time) prescribed for filing such return." Sec. 6653(c)(1); Sec. 301.6653-1(c)(1), Proced. & Admin. Regs. We have held, supra, that petitioner did not file a return for 1981 and therefore the underpayment is the full amount of the tax due for that year. Also, we have found that petitioner's filing of a "Eugene J. May" return was clear evidence of her intent to flout the Federal tax rules and regulations. Petitioner has not alleged any facts to refute respondent's determination that she is liable for the addition under section 6653, her sole contention being that as a matter of law she is not a person subject to the provisions of the Internal Revenue Code. We hold, therefore, that respondent's determination must stand. Damages under Section 6673
Respondent has requested an award of damages under section 6673. Section 6673, as in effect for proceedings instituted in this court after December 31, 1982, or pending as of November 15, 1984, if filed prior to December 31, 1982, provides *499 as follows: Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax. Petitioner was advised by respondent that her "tax protester" positions were frivolous and groundless. She clearly chose to ignore the advice and the warning that section 6673 damages would be sought if she persisted in litigating these positions in this Court. Petitioner's actions have resulted in a prodigal waste of limited judicial and administrative resources, and therefore she must bear the consequences. We accordingly award damages to the United States in the amount of $2,500. [8]
*500 Respondent's motion for summary judgment is hereby granted. Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue code of 1954, as amended and in effect during the taxable year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The motion was filed on April 25, 1984, more than thirty days after the close of the pleadings and within such time as not to delay the trial.↩
3. The affidavit of Brett J. Miller, an attorney who has custody and control of the respondent's administrative file was filed on April 25, 1984, together with exchibits. The exhibits include a copy of the notice of deficiency, a copy of a letter, dated October 25, 1983, from the District Counsel to petitioner, a copy of a letter, dated November 2, 1983, from petitioner to District Counsel, a copy of a letter from petitioner to Brett J. Miller dated February 18, 1984, and a copy of the purported "return" accompanied by copies of Forms W-2.↩
4. A "Eugene J. May" return is a privately printed form and bears the legend "Copyright 1980, Eugene J. May."↩
5. Petitioner in her Reply admitted that she had in fact received wages of $24,274 during 1981.↩
6. The "equal exchange" argument begins with the proposition that labor is the equivalent of property, which in turn is exchanged for compensation. Relying on the oft-cited language in Eisner v. Macomber,252 U.S. 189↩ (1920), to the effect that income for tax purposes includes "gains derived from capital, labor, or from both combined," "tax protesters" claim that the exchange of labor for wages is an equivalent one, and therefore a transaction in which no "gain", and therefore no income, is derived.
7. The current version of this revenue procedure is Rev. Proc. 84-9↩, I.R.B. 1984-7, 14.
8. Due to the fact that we are deciding this issue on a motion for summary judgment and that petitioner has denied that this proceeding was brought or maintained for delay, we do not address the alternative ground for awarding section 6673 damages (i.e. that the proceeding was instituted or maintained primarily for delay). Because her protester positions clearly represent frivolous positions, we award damages on the basis that petitioner's positions in this proceeding are frivolous and groundless.↩