EDWARD F. RYBECKI, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rybecki v. Commissioner
Docket No. 25273-84.
United States Tax Court
T.C. Memo 1986-323; 1986 Tax Ct. Memo LEXIS 282; 51 T.C.M. (CCH) 1603; T.C.M. (RIA) 86323; July 29, 1986. *282 Held: (1) Deficiencies in income tax for 1980 and 1981 sustained. (2) Additions to tax under sec. 6651(a), I.R.C. 1954 (for failure to file), sec. 6653(a), I.R.C. 1954 (for negligence or intentional disregard of rules and regulations), and sec. 6654, I.R.C. 1954 (for underpayment of estimated taxes), sustained. (3) The United States is entitled to an award of damages under sec. 6673, I.R.C. 1954. Edward F. Rybecki, pro se. Rosabel I. Seigan, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined the following deficiencies in, and additions to, the petitioner's Federal income taxes: Additions to Tax
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654(a)
Year
Deficiency
I.R.C. 1954 [1]
I.R.C. 1954 [2]
I.R.C. 1954
1980
$3,108.00
$517.50
$155.40
$115.87
1981
5,310.00
1,327.50
$265.50 plus
406.85
50% of the interest
due on $5,310.00
The issues for decision are: (1) Whether the petitioner is liable for the deficiencies as determined by the Commissioner; (2) whether the petitioner is liable for the additions to tax under section 6651(a) for failure to file timely returns; (3) whether the petitioner is liable for the additions to tax under section 6653(a) for negligence *283 or intentional disregard of rules and regulations; (4) whether the petitioner is liable for the additions to tax under section 6654(a) for underpayment of estimated taxes; and (5) whether the United States is entitled to an award of damages under section 6673. FINDINGS OF FACT None of the facts have been stipulated. The petitioner, Edward F. Rybecki, was a legal resident of Oaklawn, Ill., at the time he filed his petition in this case. He filed no Federal income tax returns for 1980 and 1981, and furnished Forms W-4 to his employers claiming either more exemptions than those to which he was entitled or that he was exempt from withholding entirely. The petitioner is a tax protestor. In his notice of deficiency, the Commissioner determined that the petitioner received wages *284 and other taxable income of $17,666.00 in 1980 and $24,543.00 in 1981. In addition, he determined that the petitioner was liable for the addition to tax for failure to file under section 6651(a), the addition for underpayment of tax due to negligence or the intentional disregard of rules and regulations under section 6653(a), and the addition for underpayment of estimated taxes under section 6654(a). OPINION The first issue for decision is whether the petitioner is liable for the deficiencies as determined by the Commissioner. The Commissioner's determination of a deficiency is presumed correct, and the burden of proving it erroneous is on the petitioner. Rule 142(a), Tax Court Rules of Practice and Procedure[3]; Welch v. Helvering,290 U.S. 111, 115 (1933). The petitioner has introduced no credible evidence on this issue. In his petition, Mr. Rybecki claimed he had sufficient documentary evidence to prove a lesser amount of gross income and additional deductions. However, the petitioner has failed to introduce any evidence to support his claim and has instead asserted typical tax protestor arguments that wages are not taxable income. Such arguments have been thoroughly considered *285 and rejected by the courts. See United States v. Buras,633 F.2d 1356 (9th Cir. 1980); Rowlee v. Commissioner,80 T.C. 1111 (1983), and cases cited therein. Consequently, we hold that the petitioner is liable for the deficiencies determined by the Commissioner. The second issue for decision is whether the petitioner is liable for the additions to tax under section 6651(a) for failure to file timely returns for 1980 and 1981. The resolution of this issue turns on whether the petitioner has shown that his failure to file was due to reasonable cause and not willful neglect. Sec. 6651(a)(1); Abramo v. Commissioner,78 T.C. 154, 163 (1982). He has failed to introduce any evidence to show us that such failure was due to reasonable cause. Therefore, he is liable for the additions to tax under section 6651(a). The third issue for decision is whether the petitioner is liable for the additions to tax under section 6653(a) for negligence or intentional disregard of rules and regulations. Section 6653(a)(1) provides that, if any part of any underpayment is due to negligence or intentional disregard of rules and regulations, *286 there shall be added to the tax an amount equal to five percent of the underpayment. Section 6653(a)(2) provides that there shall be added to the tax an amount equal to 50 percent of the interest payable under section 6601 with respect to the portion of the underpayment which is attributable to the negligence or intentional disregard of rules and regulations. The petitioner bears the burden of proving that his underpayment was not due to negligence or intentional disregard of rules and regulations. Rule 142(a); Bixby v. Commissioner,58 T.C. 757 (1972). The addition to tax under section 6653(a) is not applicable where there exists a "bona fide dispute which presents substantial issues of law and fact." Scott v. Commissioner,61 T.C. 654, 663 (1974). The petitioner's belief that wages do not constitute taxable income does not qualify as such a dispute. The petitioner has introduced no evidence on this issue and, thus, has failed to satisfy his burden of proof. Accordingly, we hold that the petitioner's underpayments for 1980 and 1981 were entirely due to negligence or intentional disregard of rules and regulations. The fourth issue for decision is whether the petitioner is liable *287 for the additions to tax under section 6654 for underpayment of estimated taxes. Where a taxpayer fails to make adequate prepayment of his estimated taxes, the provisions of section 6654 are mandatory and are applicable, regardless of any showing of reasonable cause or lack of willful neglect. The record indicates that the petitioner failed to make sufficient prepayments of his estimated taxes, and accordingly, we hold that the petitioner is liable for the additions under section 6654. The final issue for decision is whether the United States is entitled to an award of damages under section 6673. Section 6673, as applicable to this case, provides: Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. * * * This Court has been faced with numerous cases, such as this one, wherein taxpayers have presented frivolous and groundless arguments asserting that wages are not taxable. Such arguments have been rejected *288 by this and other courts on numerous occasions. See, e.g., United States v. Buras,supra;Rowlee v. Commissioner,80 T.C. at 1119-1120, and cases cited therein. Moreover, it appears that the petitioner was advised that his arguments were frivolous and that if he continued to assert them, he might be liable for damages. Nevertheless, the petitioner has continued to assert frivolous and groundless positions, and based on such positions, he refused to present any evidence or testimony at the trial of his case. The petitioner in this case has abused the processes of this Court and wasted its resources. On the basis of the record, we conclude that the proceedings herein were instituted primarily for delay and that the petitioner's position is both frivolous and groundless. Accordingly, we award damages to the United States under section 6673 in the amount of $2,500. Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the years in issue. ↩
2. Sec. 6653(a) was amended by the Economic Recovery Tax Act of 1981, Pub. L. 97-34, 95 Stat. 172. Sec. 6653(a) has been redesignated as sec. 6653(a)(1), and sec. 6653(a)(2) has been added. Sec. 6653(a)↩ as amended is effective for "taxes the last date prescribed for payment of which is after December 31, 1981."
3. Any reference to a Rule is to the Tax Court Rules of Practice and Procedure.↩