T.C. Summary Opinion 2004-161


UNITED STATES TAX COURT


JOHN E. BURAS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13004-03S.                    Filed November 29, 2004.


John E. Buras, pro se.

Wendy S. Harris, for respondent.



        COUVILLION, Special Trial Judge:  This case was heard
pursuant to section 7463 in effect for the time when the petition
was filed.[1]  The decision to be entered is not reviewable by any
other court, and this opinion should not be cited as authority.

_____

        [1]    Unless otherwise indicated, subsequent section
references are to the Internal Revenue Code in effect for the
years at issue.

Pursuant to the stipulation of the parties, petitioner has deficiencies of $949, $896, and $1,843 in Federal income taxes for 1999, 2000, and 2001; section 6651(a)(1) additions to tax of $237, $224, and $451, respectively, for those years; and a section 6654(a) addition to tax of $39 for 2001.[2] At trial, respondent orally moved to impose the section 6673 addition to tax.

The issues for decision are: (1) Whether petitioner was required to file Federal income tax returns for the years at issue, and (2) whether petitioner's pension and Social Security income is exempt from Federal income taxes.

Some of the facts were stipulated. Those facts, with the exhibits annexed thereto, are so found and are made part hereof. Petitioner's legal residence at the time the petition was filed was Springfield, Oregon.

Petitioner worked as a truck driver for the Motion Picture Industry in Studio City, California, for 30 years. During his employment, petitioner traveled throughout the United States hauling any equipment necessary for the Motion Picture Industry.

---

[2] In the notice of deficiency issued to petitioner, respondent had determined deficiencies of $2,287.50, $2,234.50, and $3,811.70 in petitioner's Federal income taxes and added sec. 6651(a)(1) additions of $571.88, $558.63, and $952.92, and sec. 6654(a) additions of $110.72, $119.35, and $152.32, for the taxable years 1999, 2000, and 2001, respectively. The stipulation of facts agreed to and submitted by both parties to the Court listed, without explanation, the new, adjusted amounts.

When he retired in 1991, petitioner qualified for a pension from the Motion Picture Industry.

Petitioner received benefits from his retirement account with the Motion Picture Industry Pension Plan of Studio City, California (Pension Plan), of $13,385 during taxable year 1999. During the same year, petitioner also received Social Security benefits of $15,570. Petitioner did not file a Federal income tax return for taxable year 1999. During taxable year 2000, petitioner received Pension Plan retirement proceeds of $14,185 and Social Security benefits of $15,954. Petitioner also did not file a Federal income tax return for 2000. Finally, for taxable year 2001, petitioner did not file a Federal income tax return even though he had received Pension Plan retirement proceeds of $19,878 and Social Security benefits of $16,548. Petitioner contends he had no obligation to file income tax returns for the taxable years 1999, 2000, and 2001.

Sometime after his retirement from the Motion Picture Industry, petitioner became an evangelist and associate pastor in World's Prayers Answered Church of God. Petitioner grew up in the church; his mother was a minister and ordained pastor in the church. Although petitioner was not an ordained minister, he had assisted his mother in her capacity for 50 or 60 years. Petitioner's specific church duties were unclear, although he

testified that he gave much of his income to the poor "for God's work".

Petitioner presented two arguments as to why he should not be required to pay Federal income tax on his Pension Plan payments and Social Security benefits. He first argued that his Pension Plan payments and Social Security benefits qualified as exempt income because he serves as an evangelist and associate pastor in the World's Prayers Answered Church of God. In the alternative, petitioner considered himself an agent of his religious order, the church, and viewed his income as remuneration directly to the principal, the church, to be used for its charitable purposes.

To support his assertion that his Pension Plan payments and Social Security benefits were exempt from Federal income tax, petitioner cited section 31.3401(a)(9)-1, Employment Tax Regs. He interpreted this section to mean that any wages, regardless of source, that a minister earns while serving in a church are exempt from Federal income tax. The Court rejects that argument. Section 31.3401(a)(9)-1, Employment Tax Regs., expressly states that the definition of "wages" does not include moneys paid for services performed by a member of a religious order that are required by that order.

Petitioner was not paid any salary, wages, or other compensation by the church for his services to the church. His

sole income was his Pension Plan payments and Social Security benefits. He did not receive this income as a minister but as a direct result of his 30 years of employment with the Motion Picture Industry. Petitioner's Pension Plan payments and Social Security benefits were based on past services and are expressly includable in gross income. See sec. 61(a)(11); sec. 1.61-11(a), Income Tax Regs. The income he received is not exempt from tax, and petitioner is required to pay Federal income taxes on it.

Petitioner's second argument appears to be that he was an agent of his religious order and his Pension Plan payments and Social Security benefits were remuneration directly to the principal, the order, and that, since charitable organizations are not taxed, his retirement income is not taxable. His testimony basically concluded that, because the church was not taxed, and he was acting on behalf of the church by giving his money to do the "work of the Lord", then he likewise should not be taxed. The Court rejects that argument, which has no more merit than petitioner's first argument.

Respondent cited Fogarty v. United States, 780 F.2d 1005 (Fed. Cir. 1986). In Fogarty, a Catholic priest contracted to teach religion classes at a public university. He taught for 2 years, and, during his tenure, the university deposited checks in a checking account in the name of the church, an account on which the priest was an authorized signatory. Id. at 1007. Under the

Canon Law of the church, the priest had no right to receive, direct the use of, or dispose of the salary for his own benefit. His salary went directly to the church, and the church provided him with a place to live and minimal living expenses. The court held that the priest was not exempt from filing a Federal income tax return and paying taxes on the income, even though he taught at the express direction of the church, and his earnings were paid directly to the church.

Unlike the taxpayer's income in Fogarty, petitioner's income was wholly unconnected with his work for the church. Additionally, petitioner first paid his rent and living expenses before dispersing the remainder as he saw fit. Unlike the taxpayer in Fogarty, petitioner did not transfer his entire paycheck to his church but merely dispersed funds to various people and causes. Although petitioner contends he gave much of his Pension Plan payments and Social Security benefits to "do the work of the Lord" on behalf of the church, this does not relieve him from the obligation of paying Federal income taxes on his income. These actions do not bestow a tax-exempt status on him. Respondent, therefore, is sustained. As a result, petitioner is also liable for the sections 6651(a)(1) and 6654(a) additions to tax.

At trial, respondent orally moved for the imposition of the section 6673 penalty. Section 6673 allows the Court to impose a

penalty, in an amount up to $25,000, on a taxpayer if the position or positions asserted in the case are frivolous or groundless. Sec. 6673(a)(1)(B).

Petitioner's arguments were those of a classic tax protester. Petitioner stated at trial that he "was taught that taxes were a slavery upon the people". While petitioner professed that he was not opposed to taxes, he was of the view that he should pay only a "legal, lawful, constitutional tax". Petitioner did not define what he considered to be a legal tax, asserting simply he did not believe he should be required to pay taxes, even though he admitted his income did not come from the church. Finally, petitioner acknowledged that he had appeared before this Court at least once before and argued the same issue. The Court also notes that in United States v. Buras, 633 F.2d 1356 (9th Cir. 1980), petitioner was convicted of willful failure to file Federal income tax returns. On this record, the Court will grant respondent's oral motion and impose a penalty of $500 on petitioner for instituting a frivolous and groundless petition.

Reviewed and adopted as the report of the Small Tax Case Division.

An appropriate order and decision for respondent will be entered.