**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 21 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10306 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00294-GMN-GWF-1 |
| v. | |
| JOHN SINAGRA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief District Judge, Presiding

Submitted August 15, 2014[**]
San Francisco, California

Before: McKEOWN and CLIFTON, Circuit Judges, and EZRA, District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

Defendant John Sinagra appeals his jury conviction of Obtaining Information By Computer from a Protected Computer, in violation of 18 U.S.C. § 1030(a)(2), and Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1). We affirm.

During trial, the court dismissed a juror after the juror commented to another juror before the completion of the government's case that "some of us may already have made up our minds." Sinagra argues that the court erred in failing to declare a mistrial because there could have been more than one juror who prejudged the case. He also argues that trial counsel was ineffective for failing to move for a mistrial.

This court reviews a district court's response to alleged juror misconduct for an abuse of discretion. *United States v. Banks*, 514 F.3d 959, 973 (9th Cir. 2008). Where, as here, counsel made no motion for a mistrial based on alleged juror misconduct, the court's failure to declare one *sua sponte* is reviewed for plain error. *United States v. Olano*, 507 U.S. 725, 730 (1993).

The district court made appropriate inquiries into the alleged juror misconduct. *See Dyer v. Calderon*, 151 F.3d 970, 974 (9th Cir. 1998) (en banc) ("A court confronted with a colorable claim of juror bias must undertake an investigation of the relevant facts and circumstances."). It questioned and subsequently dismissed the offending juror. The court was evidently satisfied that the comment "some of us may already have made up our minds" did not establish that any juror other than the

speaker had actually done so. The use of a plural pronoun may well have been only a figure of speech. This was a logical understanding of the comment when read in context. Even if the meaning of the comment was not obvious, the court's interpretation was not so illogical that it warrants overturning the conviction on plain error review, especially given the fact that we generally defer to the district court's determinations on the issue of juror misconduct. *United States v. Vartanian*, 476 F.3d 1095, 1098 (9th Cir. 2007).

Defense counsel's failure to move for a mistrial based on the alleged juror misconduct did not rise to the level of ineffective assistance of counsel. "[T]he proper standard for attorney performance is that of reasonably effective assistance." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Defense counsel moved to dismiss the offending juror. That was reasonably effective assistance.

Sinagra also argues that the court abused its discretion in declining to instruct the jury that 18 U.S.C. § 1030 is a civil as well as a criminal statute. This court reviews *de novo* whether a requested jury instruction is supported by law. *United States v. Castagana*, 604 F.3d 1160, 1163 n.2 (9th Cir. 2010). "[T]he availability of a civil remedy is irrelevant to the issue of criminal liability." *United States v. Buras*, 633 F.2d 1356, 1360 (9th Cir. 1980). Sinagra was not entitled to the requested instruction, and the district court properly rejected it. *See United States v. Simpson*,

3

460 F.2d 515, 519 (9th Cir. 1972) (rejecting the argument that juries should be given more freedom to grant acquittals against the law, also known as "conscience verdicts").

**AFFIRMED**.