**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Woodrow Louis KIPP, Defendant-Appellant.**

No. 80–1024.

United States Court of Appeals, Ninth Circuit.

Submitted July 1, 1980.

Decided July 23, 1980.

Susan J. Rebeck, Great Falls, Mont., for defendant-appellant.

Robert L. Zimmerman, Asst. U. S. Atty., Billings, Mont., for plaintiff-appellee.

Before ELY and NELSON, Circuit Judges, and KARLTON,* District Judge.

PER CURIAM:

Kipp, an Indian, was convicted by a jury for having assaulted one Smith with a dangerous weapon. The offense stemmed from a "barroom brawl" on the Blackfeet Indian Reservation. Kipp appeals on the sole ground that the evidence was insufficient to support the jury's verdict.

The conviction must be affirmed if reasonable and prudent persons could have concluded that the evidence, taken in the light most favorable to the Government, *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942); *United States v. Hughes*, 626 F.2d 619 (9th Cir. 1980); *United States v. Ponticelli*, 622 F.2d 985, (9th Cir. 1980); *United States v. Basey*, 613 F.2d 198, 201 (9th Cir. 1979), *cert. denied*, —— U.S. ——, 100 S.Ct. 1854, 64 L.Ed.2d 274 (1980), warranted a finding of guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 316–321, 99 S.Ct. 2781, 2788–2791, 61

---

* The Honorable Lawrence K. Karlton, United States District Judge, Eastern District of California, sitting by designation.

L.Ed.2d 560 (1979); *United States v. Abraham*, 617 F.2d 187, 190 (9th Cir. 1980); *United States v. Gardner*, 611 F.2d 770, 775 (9th Cir. 1980); *United States v. Herrera-Medina*, 609 F.2d 376, 380 (9th Cir. 1979); *United States v. Friedman*, 593 F.2d 109, 114–15 (9th Cir. 1979). The "clearly erroneous" standard has no application in the review of the sufficiency of the evidence to support a jury verdict in a criminal case. *Cf. United States v. Hudson*, 609 F.2d 1326, 1329 (9th Cir. 1979); *United States v. King*, 552 F.2d 833, 852 (9th Cir. 1976), *cert. denied*, 430 U.S. 966, 97 S.Ct. 1646, 52 L.Ed.2d 357 (1977).

█ The altercation occurred in the darkness, but there is testimony in the record to the effect that Kipp "struck" the victim Smith, that Kipp had a knife in his hand shortly before striking Smith, and that Smith suffered a knife cut. The jury was entitled to consider the evidence as a whole, including reasonable inferences that could be drawn therefrom. *United States v. Nelson*, 419 F.2d 1237, 1242–45 (9th Cir. 1969).

The judgment is

AFFIRMED.