978 F.2d 1265
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald HAYWARD, Petitioner-Appellant,
v.
James ROWLAND, et al., Respondents-Appellees.
 No. 91-56094.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 19, 1992.*
 Decided Nov. 4, 1992.
 
 Before WILLIAM A. NORRIS, REINHARDT and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ronald Hayward, convicted in state court of second-degree murder, appeals pro se the denial in district court of his petition for a writ of habeas corpus. He makes three arguments on appeal: first, that his due process rights were violated because one of the prosecution's theories of second-degree murder was not supported by sufficient evidence; second, that he was denied effective assistance of counsel because his attorney failed to request that certain items be included in the record on appeal; and third, that one of the district court's jury instructions improperly shifted the burden of persuasion from the prosecution to him on the issue of whether he possessed a weapon, undermining his right to a presumption of innocence. We affirm.
 
 I.
 
 3
 During an altercation outside a bar, Hayward and a co-defendant attacked Tom O'Connor and O'Connor's companion. O'Connor was stabbed twelve times in the back and died two hours later. No one who saw Hayward hit O'Connor saw him in possession of a knife. Hayward was charged with the murder of O'Connor, with the assault on O'Connor with a deadly weapon, and with the assault on O'Connor's companion with a deadly weapon. The charge of assault against O'Connor was later dropped, and Hayward was found not guilty of assault against O'Connor's companion. He was found guilty of second-degree murder and was sentenced to a term of fifteen years' to life imprisonment.
 
 
 4
 Hayward appealed his conviction to the California Court of Appeal, which affirmed. He then filed a petition for a writ of habeas corpus in the California Supreme Court, which denied the petition. Next, he filed a petition for a writ of habeas corpus in the district court for the Central District of California. The district court dismissed the petition. Hayward timely appealed.
 
 II.
 
 5
 A. Sufficiency of Evidence.
 
 
 6
 There is sufficient evidence to support a conviction if, " 'reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992), quoting Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2788 (1979).
 
 
 7
 Hayward contends that his right to due process was violated because there was insufficient evidence to convict him on one of the two theories of second-degree murder urged upon the jury--the theory enunciated in CALJIC 8.31.[1] He argues that the prosecution did not prove that he either possessed or used a dangerous weapon; that with no proof of a weapon, there was no evidence that he had acted with a conscious disregard for human life or that he had committed an act dangerous to human life; and that under People v. Munn, 65 Cal. 211, 213 (1884), absent proof of a weapon, the prosecution could not demonstrate the malice necessary to find him guilty.
 
 
 8
 We need not determine whether Hayward would be entitled to a reversal if his contention that there was insufficient evidence to support the disputed theory were correct. Circumstantial evidence is sufficient to sustain a conviction, United States v. Layton, 855 F.2d 1388, 1413 (9th Cir.1988), cert. denied, 489 U.S. 1046, 109 S.Ct. 1178 (1989), and the jury may consider "the evidence as a whole, including all reasonable inferences that can be drawn" from it, United States v. Kipp, 624 F.2d 84, 85 (9th Cir.1980). A rational trier of fact could have inferred from the evidence presented at trial that Hayward possessed and used a knife. O'Connor's companion outside the bar testified that he saw Hayward strike O'Connor in the back, that Hayward also hit him (the companion), and that the next day he realized that his belt and his jeans were cut where Hayward had hit him. In addition, the coroner testified that the stab wounds probably came from two or more weapons. These witnesses' testimony may be susceptible to differing interpretations. However, under Bishop, Hayward must show that, looking at the evidence in the light most favorable to the prosecution, no rational jury could have found the elements of the crime charged beyond a reasonable doubt. Hayward has not met that standard.
 
 B. Ineffective Assistance of Counsel
 
 9
 A defendant who claims ineffective assistance of counsel must demonstrate that counsel's actions were "outside the wide range of professionally competent assistance" and that the defendant was prejudiced by counsel's actions. Strickland v. Washington, 466 U.S. 668, 690-92, 104 S.Ct. 2052, 2066-67 (1984). Hayward argues that his trial counsel erred by not requesting that the trial court make certain items part of the record for review on appeal, thus precluding a thorough appellate review. The items were jury instructions proposed by the court and by both attorneys, including reasons for and objections to them; the prosecutor's closing argument; and the defense counsel's closing argument.
 
 
 10
 Hayward's trial counsel may have erred. Cal.Penal Code § 1240.1(b) provides that if an indigent offender appeals his or her criminal conviction, it is the duty of the appointed trial attorney to file a brief statement with the notice of appeal that designates any document, paper, pleading, or transcript of oral proceedings not normally included in the record that is necessary to properly present such points on appeal. Cal.Penal Code § 1240.1(b) (West Supp.1992). It is undisputed that Hayward's appointed counsel failed to designate the items Hayward claims were necessary for a thorough appellate review.
 
 
 11
 However, even assuming arguendo that under some circumstances this failure would be of constitutional magnitude, Hayward has not been prejudiced. The items the absence of which Hayward claims prejudiced him either were available to the California Court of Appeal or were unnecessary. As to the jury instructions, Hayward wanted them included so that an appellate court could see how the trial court defined possession of a deadly weapon "and any charge properly included in the Prosecutor's Accusatory Documents." Only the instructions themselves, not the arguments supporting and opposing their inclusion, are-necessary for this purpose, and the instructions, both proposed and accepted, were included in the clerk's transcript even though they were not requested. As to the prosecutor's closing argument, Hayward wanted it included so that he could show that it aggravated what he considers the harm done by CALJIC 8.31, which he claims improperly shifted the burden of persuasion from the prosecution to himself, undermining the presumption of innocence to which he was entitled. Similarly, as to the defense's closing argument, Hayward wanted it included so that he could show that his attorney's lack of objection to CALJIC 8.31 constituted ineffective assistance of counsel. However, as discussed below, we find that CALJIC 8.31 is a proper instruction and that it was proper to give it in this case.
 
 C. Presumption of Innocence
 
 12
 It is unconstitutional for the prosecution in a criminal case to shift its burden of persuasion to the defendant. Sandstrom v. Montana, 442 U.S. 510, 99 S.Ct. 2450 (1979). Hayward argues that CALJIC 8.31's instruction on an act dangerous to life led the jury to presume that he possessed a weapon, unconstitutionally forcing him to prove lack of possession. He argues that without examining the prosecutor's closing arguments, we cannot understand how the instruction led the jury to believe that he must have had a weapon.
 
 
 13
 Hayward's argument fails. First, the instruction does not in any way suggest to a jury that the defendant possessed a weapon or that possession of a weapon was necessary to the commission of the offense. Second, Hayward's argument is premised on the assumption that he did not possess a weapon and that there was insufficient evidence to support a conclusion that he did. However, as discussed above, a reasonable trier of fact could have found that Hayward possessed and used a knife during the assault on O'Connor. That is a conclusion that follows from the evidence and not from the jury instruction. We have carefully reviewed the jury instruction, and it is not erroneous.
 
 
 14
 Hayward finally argues that because CALJIC 8.31 was erroneous and unconstitutionally shifted the burden of persuasion to him, his case was submitted to the jury on an unconstitutional alternative theory,[2] and must be set aside under Sandstrom v. Montana, 442 U.S. at 526, 99 S.Ct. at 2460. Because the jury instruction was not erroneous and did not unconstitutionally shift any burden, Sandstrom does not require us to reverse.
 
 III.
 
 15
 Because there was sufficient evidence for a rational trier of fact to find that Hayward possessed a weapon, because Hayward was not denied effective assistance of counsel, and because CALJIC 8.31 did not undermine Hayward's presumption of innocence, the district court's dismissal of Hayward's petition for a writ of habeas corpus is
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Instruction 8.31 states that second-degree murder is
 [also] the unlawful killing of a human being when:
 
 
 [1]
 The killing resulted from an intentional act,
 
 
 [2]
 The natural consequences of the act are dangerous to human life, and
 
 
 [3]
 The act was deliberately performed with knowledge of the danger to, and with conscious disregard for, human life
 When the killing is the direct result of such an act, it is not necessary to establish that the defendant intended that his act would result in the death of a human being.
 CALJIC 8.31, CALJIC (5th ed. 1988).
 
 
 [2]
 In addition to the basis set forth in CALJIC 8.31, the jury was instructed on another theory of second-degree murder (CALJIC 8.30), on deliberate and premeditated murder (CALJIC 8.10, 8.11, and 8.20), on voluntary manslaughter (CALJIC 8.40, 8.42, and 8.44), and on involuntary manslaughter (CALJIC 8.45)